## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Williams

### May 18, 1990

### Case No. CF900005

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on defendant's Motion to Dismiss, asserting double jeopardy grounds. Defendant argues that because of the conduct of the prosecutor resulting in a mistrial after a previous mistrial had been declared by the Court because of problems in impaneling a jury, the constitutional prohibition against a person being placed in jeopardy twice for the same criminal offense should bar this prosecution. The Commonwealth argues that the conduct of the prosecutor in this case did not amount to such misconduct as would cause the double jeopardy provisions of the Constitution to be invoked. That is, the Commonwealth argues, unless the prosecutor intended to place the defense in a position where they had to ask for a mistrial or to "goad" the defendant into moving for a mistrial, the retrial of the case should not be barred.

The Court is of the opinion that the motion must be granted for the reasons stated herein.

A brief review of the facts and procedural history of the case is necessary. Because of the nature of the defense in this case and the allegations of police misconduct, wide latitude was granted to the defendant in *voir dire* at the first trial of this matter which was begun

on April 5, 1990. After extensive *voir dire* and an unusually large number of strikes for cause, it became apparent that no jury could be selected on that date to hear the case. A mistrial was declared without objection by either party. Prior to the first attempt to try this matter, the same prosecutor had been involved in another case involving another defendant in which a mistrial had been declared by another judge in this circuit because an improper question had been asked which elicited testimony that the area under observation was "a high drug area known for narcotics transactions." The Commonwealth had contended in that case and thereafter that the ruling of that judge was error and had prepared a memorandum for that judge in the retrial of that case.

The retrial of this case was scheduled for and did proceed on April 9, 1990, after extensive *in limine* proceedings. The *voir dire* was exhaustive and long lasting; however, a jury was selected. During the examination of the Commonwealth's first witness in the presence of the jury, the same question was asked and the same answer given that had given rise to the mistrial in the previous case. The Commonwealth again argued that such evidence was admissible and offered to this Court the memorandum prepared in the other matter. Based upon the authority of *Smith v. Commonwealth*, 217 Va. 336 (1976), this Court ruled that such evidence was not admissible and granted the defendant's motion for a mistrial. Thereafter, this motion was filed.

There is every indication that the prosecutor, a competent and able attorney, should have known a mistrial would have resulted from the question and answer. The concern the Court has is the conscious indifference exhibited by the prosecution to the rights of the defendant in this matter. While the Commonwealth was well within its rights in testing the ruling in the prior case, this Court is at a loss to understand the manner in which the Commonwealth chose to do so and in particular the case it chose to contest the rulings of the other judge. This is a controversial case involving serious allegations of police misconduct. The nature of this case had led to difficulties in impaneling a jury on the first trial date and had led to extensive *voir dire* and great difficulty in seating a proper panel on the subsequent trial date. All of this

was obvious to the Commonwealth. Further, it should have been obvious to the Commonwealth that the ruling of the Circuit Court in the other matter constituted the law of this circuit unless otherwise changed. The Court is further at a loss to understand, nor could the Assistant Commonwealth's Attorney who argued this motion (not the original prosecutor) explain, why the prosecutor at the second trial did not seek to approach the bench to make the proffer outside the presence of the jury or to raise the matter during the *in limine* proceedings.

The position in which the defendant finds himself as the result of this conduct is to either ask for the mistrial or to waive his right to a mistrial and ask the judge to instruct the jury to ignore clearly inadmissible testimony of a highly prejudicial nature. One can certainly understand the discomfort of the defendant at being on the horns of this dilemma.

The totality of the circumstances involved here, the knowledge of the Commonwealth as to the prior ruling of a court in this circuit resulting in a mistrial, the great difficulty in the prior proceedings in this matter, as well as the Commonwealth's inexcusable failure to raise this matter outside of the presence of the jury, lead the Court to conclude that there was sufficient conscious indifference to the rights of the defendant in this case to invoke the double jeopardy provisions of the Constitution. The prosecutor knew or should have known that a mistrial would result from her actions in asking this question.

This is further strengthened by the factual differences between the prior case in which a mistrial was granted and this case. In the prior case, the charge was possession with intent to distribute a controlled substance. Here the charge was a distribution of a controlled substance. The evidence in this case was direct and not circumstantial. Therefore, there is even less an argument to be made for the admissibility of "high drug trafficking area" evidence in this matter than in the previous case. At the time of the argument on the mistrial, the Court inquired of the Commonwealth's Attorney as to which element of the offense the "high drug trafficking area" evidence would be relevant to, and she was unable to answer. Her statement was that this case was a circumstantial one, and therefore,

the evidence would bear on intent. However, this case was not circumstantial and involved the direct testimony of an eye witness to the alleged drug transaction. Under these circumstances, it is inconceivable that the Commonwealth would seek to overturn the prior ruling of this circuit in this case in the manner in which it did.

The power of the state to try those accused of crime must be used more wisely and justly than was exhibited in this case.