COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bray
Argued at Richmond, Virginia


REGINALD LEE HALL
                                          OPINION BY
v.  Record No. 1286-95-3        JUDGE JAMES W. BENTON, JR.
                                        APRIL 2, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Richard S. Miller, Judge

          James J. Angel for appellant.

          Richard H. Rizk, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Reginald Lee Hall was convicted of possession of cocaine in

violation of Code § 18.2-250.  He contends that the police

officer searched his person in violation of the Fourth Amendment

of the United States Constitution.  We agree and reverse the

conviction.

     The evidence proved that Officers H. Wayne Duff and M. R.

Soyars saw a truck being driven at night in the City of Lynchburg

with only one operable headlight.  The truck was on a street in

an area where Officer Duff had made arrests for drugs and found

weapons on the persons he arrested.  The officers decided to stop

the truck.

     Officer Soyars approached the truck and spoke with the

driver at the rear of the vehicle.  Officer Duff stood on the

passenger side of the truck, where Hall was sitting.  As Officer

Duff examined the interior of the truck with his flashlight, he

saw what appeared to be a small revolver in the middle of the front seat. Officer Duff grabbed Hall, pulled him from the truck, and made him place his hands on the rear of the truck.

While Hall remained at the rear of the truck with Officer Soyars, Officer Duff retrieved the object and discovered that it was a plastic toy gun. Officer Duff then conducted a "pat-down" search of Hall because he "felt that there was a possibility that there may be weapons." During the "pat-down" and subsequent search, Officer Duff found a candy holder with a white substance residue that was later tested and found to be cocaine.

Officer Duff arrested Hall for possession of cocaine. The trial judge overruled Hall's motion to suppress the cocaine and convicted Hall of possession of cocaine.

The United States Supreme Court has articulated "a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where [the police officer] has reason to believe that he is dealing with an armed and dangerous individual." Terry v. Ohio, 392 U.S. 1, 27 (1968). The evidence in this record proved that after Officer Duff removed Hall to the rear of the truck and removed the object on the seat, he discovered that it was a toy. Although Duff knew that he had misjudged the circumstances upon which he had formed his suspicion that Hall might be armed and dangerous, he nevertheless frisked Hall for weapons.

Officer Duff did not articulate why he continued to believe

that Hall was armed and dangerous.  He articulated no reason why his discovery that the object was a toy did not fully dispel his suspicion of danger.  In its brief, the Commonwealth asserts that Officer Duff could have continued to believe Hall was armed and dangerous because the stop occurred in a "well-known drug market."  We disagree.  The fact that Hall was in a vehicle travelling in or near a neighborhood frequented by individuals who use illegal drugs is not a basis for concluding that Hall was engaged in criminal conduct or dangerous.  See Brown v. Texas, 443 U.S. 47, 52 (1979).  See also Smith v. Commonwealth, 217 Va. 336, 337, 228 S.E.2d 562, 562-63 (1976).

> "[T]housands of citizens live and go about
> their legitimate day-to-day activities in
> areas which surface . . . in court testimony,
> as being high crime neighborhoods.  The fact
> that the events here at issue took place at
> or near an allegedly 'high narcotics
> activity' area does not objectively lend any
> sinister connotation to facts that are
> innocent on their face."

Riley v. Commonwealth, 13 Va. App. 494, 498, 412 S.E.2d 724, 726-27 (1992)(citation omitted).

We hold that after Duff discovered that the item was a toy, he no longer had a reason to believe Hall was armed or dangerous.  Accordingly, we hold that the frisk was in violation of Hall's Fourth Amendment rights.

The Commonwealth also argues that Hall lacks standing to challenge the search because he told the police that the jacket he was wearing was not his.  The evidence proved that the officer

found the pipe in the jacket; however, the container with the residue that tested to be cocaine was found in Hall's front pants pocket. Thus, even assuming Hall had no standing to object to a search of the jacket the standing argument lacks merit.

The officer testified that when he found the pipe during the unlawful frisk, Hall consented to the further search. Thus, the testimony proved that Hall's consent to search was not an independent source of the evidence. "[T]he evidence obtained pursuant to . . . voluntary consent to search was come at by exploitation of [the initial] illegality rather than by means sufficiently distinguishable to be purged of the primary taint." Commonwealth v. Ealy, 12 Va. App. 744, 757, 407 S.E.2d 681, 689 (1991) (citations omitted).

Accordingly, we reverse the trial judge's failure to suppress the cocaine, reverse the conviction, and remand the case for further proceedings if the Commonwealth be so advised.

Reversed and remanded.