# Richmond

## WILLIAM RANDOLPH SMITH V. COMMONWEALTH OF VIRGINIA.

October 8, 1976.

Record No. 751414.

Present, All the Justices.

*Michael Morchower (John W. Luxton; Ott, Morchower, Thompson & McMullan, on brief), for plaintiff in error.*

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.*

Per Curiam.

William Randolph Smith, defendant, was found guilty by a jury of possession of heroin with intent to distribute and his punishment was fixed at 20 years in the state penitentiary and a fine of $10,000. Judgment was entered on the jury's verdict.

The evidence shows that on the night of January 11, 1975, Richmond City Detectives George Robinson and Barber Williams set up a surveillance of the intersection of Jessamine and Pleasant Streets in the city of Richmond. After observing the activity of the defendant and others at the intersection, the detectives arrested the defendant and charged him with possession of heroin with the intent to distribute. No drugs were found on the defendant.

At the trial of the defendant in the court below, the detectives were permitted to testify, over defendant's objection, that they

had had the street intersection under surveillance ten or twelve times during the six months prior to January 11, 1975. They also testified that during the same six months period in the course of their regular duties they saw defendant at the intersection two or three hundred times. Further, they said that the intersection had the reputation as a place for trafficking in illegal narcotics.

The defendant contends that the evidence was inadmissible because it was irrelevant and highly prejudicial to his case. We agree.

The presence of the defendant at the street intersection hundreds of times within the six months period prior to January 11, 1975 and the reputation of the intersection as a place for illegal drug violations have no relevancy to the charge that defendant possessed heroin with intent to distribute on January 11, 1975. The evidence conveyed to the jury the implication that the defendant had been engaged in the illegal distribution of drugs at the intersection for a period of six months prior to the night of his arrest. It cannot be reasonably inferred from the mere presence of the defendant at the street intersection and the intersection's reputation as a place for trafficking in drugs that he was engaged in the illegal activity of drug distribution over the period of time defendant was observed by the detectives. This unrelated evidence tended to show defendant's "guilt by association" and it was highly prejudicial to him.

For the reasons stated, we hold that the evidence objected to was inadmissible. Accordingly, the judgment is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*