# RAYMOND MARTINEZ, JR.

## V.

## COMMONWEALTH OF VIRGINIA

Record No. 901248

April 19, 1991

Present: Carrico, C.J., Stephenson, Russell, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

*Lawrence D. Gott* for appellant.

*Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether the Commonwealth's attorney may ask a jury for the imposition of a specific sentence during closing argument in a criminal case.

On December 10, 17, and 18, 1987, Raymond Martinez, Jr., also known as "Beetle," approached an informant and an undercover officer of the Virginia State Police and asked what they wanted. They gave Martinez some money and asked him to purchase some cocaine. On each occasion, Martinez purchased cocaine and gave it to the law enforcement agent and the informant.

A grand jury for Northampton County indicted Martinez on four counts of distribution of cocaine in violation of Code § 18.2-248.[1] Martinez was tried before a jury and convicted on the three counts of distribution of cocaine. The jury returned a verdict fixing a penalty of imprisonment for seven years on each count for a total of 21 years. Martinez was sentenced in accordance with the jury's verdict.

During the trial, the Commonwealth's attorney made the following closing argument to the jury:

> What you have in terms of that defendant [Martinez] is a crack dealer. You may have [thought] in the past . . . they ought to do something about crack dealers. Well, here is one in front of you. You are now the they. You are the they that everyone talks about. They ought to do something.
>
> Police have done something. They went out in the nighttime, an officer in an undercover role . . . [made] this investigation to see if this man is going to sell drugs; to see if he is going to deal some drugs and he does [so] three times.

---

[1] The fourth offense occurred in January 1988. He was tried and convicted of this charge on August 17, 1988.

We brought this case before you. Now, I am asking you to do something. I am asking you to convict him on each count. All three counts individually. Each count.

The penalty, as you will see from the instructions, is five to forty years on each count, plus a fine of up to $100,000 on each count. The Commonwealth is not that interested in the amount of the fine. We are interested in the amount of time. I am asking you to give this crack dealer twenty years on each count.

I am asking you for twenty years. I am asking you for twenty years. I am asking you to look at the evidence to convict him and then give him twenty years on each count; to punish him for being a crack dealer, and the other reason [is] to deter others from doing it.

Martinez argues that a prosecutor may not recommend a specific punishment to the jury and, therefore, the trial court erred when it overruled his objection to the argument. The Court of Appeals considered this issue and held that it was not procedurally barred,[2] assumed that the argument was improper, but held that Martinez was not prejudiced by "the improper argument of the Commonwealth's attorney," and affirmed the judgment.

 Even though we have not specifically addressed the precise question presented in this appeal, we have discussed the parameters of a Commonwealth's attorney's right to prosecute and argue the Commonwealth's case with vigor. In *Jackson v. Commonwealth*, 193 Va. 664, 70 S.E.2d 322 (1952), we held that the Commonwealth's attorney, responding to the defendant's argument for a light punishment, had "a right to combat, and to argue the evidence and the fair inferences from it with respect both to the defendant's guilt and to a fitting punishment." *Id*. at 675, 70 S.E.2d at 329. In *Timmons v. Commonwealth*, 204 Va. 205, 129

---

[2] This Court has repeatedly held that errors assigned because of a prosecutor's improper comments or conduct during argument will not be considered on appeal unless the accused timely moves for a cautionary instruction or for a mistrial. These motions must be made timely if the accused desires to take advantage of his objection on appeal. See *Cheng v. Commonwealth*, 240 Va. 26, 38-39, 393 S.E.2d 599, 605-06 (1990), and cases cited therein. Martinez failed to move for a mistrial or seek a cautionary instruction. For some reason, the Court of Appeals, in holding that this issue was not procedurally barred, overlooked the fact that we have consistently adhered to this established procedure. However, during oral argument before this Court, the Commonwealth withdrew its assignment of cross-error on this issue, and, therefore, we do not reach it here.

S.E.2d 697 (1963), we stated that the Commonwealth's attorney has "a right to combat the argument of the defendant's counsel and to refer to the evidence and fair inferences from it . . . both with respect to the guilt of the accused and a proper measure of punishment." *Id.* at 216-17, 129 S.E.2d at 705. In *Hutchins* v. *Commonwealth*, 220 Va. 17, 255 S.E.2d 459 (1979), we observed:

> [I]t is proper for a prosecutor to ask a jury to fix a punishment in a particular case that will deter others from committing like offenses. The prosecutor's request, however, must not appeal . . . to the jurors' passions by exciting their personal interests in protecting the safety and security of their own lives and property. And the prosecutor's statement must not confuse . . . the use of punishment *and* conviction for deterrent purposes. Conviction for an offense must be based solely upon evidence of guilt, and not upon considerations of deterrence. Failure to make this important distinction may result in substantial prejudice to a defendant.

*Id.* at 20-21, 255 S.E.2d at 461 (emphasis in original).

We hold that a prosecutor is entitled to request a jury to fix a punishment for a specific period, provided the conviction for the offense is based solely upon evidence of guilt. We see no difference between a defendant's right to argue for a lenient sentence and a prosecutor's right to argue for a specific term within the statutory range of permissible punishments. The judgment of the Court of Appeals of Virginia, modified to the extent it is inconsistent with this opinion, will be affirmed.

*Affirmed.*