QUINTON LEE MORRIS

v.

COMMONWEALTH OF VIRGINIA

No. 0822-90-2

Decided September 17, 1991*

---

\* Petition for rehearing granted October 18, 1991.

COUNSEL

Charles D. Bennett, Jr., for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—A jury convicted Quinton Lee Morris of possession of cocaine with the intent to distribute. Morris contends that the trial judge erred in admitting photographs which the prosecutor told the jury could support inferences that Morris (1) possessed drugs on a prior occasion, and (2) intended to distribute cocaine because of his prior association with another person. For the reasons that follow, we reverse the conviction and remand for a new trial.

The evidence proved that while several officers from the Spotsylvania County Sheriff's Department were executing a search warrant for cocaine at a residence occupied by Albert Bensusan, Denise Light, and their children, a red automobile approached on the driveway leading to the residence and stopped approximately fifteen yards away. One of the officers noticed that a white object was thrown from the passenger side window of the automobile, but the officer did not see which of the two occupants threw the object. Morris was driving the automobile, which was

registered in his parents' name.

After the officer ordered Morris and the passenger to exit the automobile, the officer found a white paper napkin and thirty-two small packages of crack cocaine in the area where he saw the white object land. The officers impounded and searched the automobile. They found, under the floor mat on the passenger side, one additional package of cocaine similar to those located outside the automobile. Morris was arrested and indicted for possession of the cocaine with the intent to distribute it.

At trial, the Commonwealth offered into evidence a series of photographs which the officers found in Bensusan's residence during the search. The photographs showed, in different combinations, Morris, the passenger, Bensusan, and a child. Each of the photographs showed the automobile Morris was driving. These photographs were admitted over Morris' objection that they had no probative value. The trial judge did not ask the Commonwealth to explain the relevance of the photographs.

In closing argument, the Commonwealth's attorney twice mentioned the photographs. On one occasion, the Commonwealth's attorney stated, "[T]hey had been to the residence before. You are entitled to infer that Morris and [the passenger] were Bensusan's supplier of cocaine, and that they were making a delivery of cocaine when they had the bad fortune——." Morris objected. The trial judge overruled the objection.

██ "To be admissible, evidence must relate and be confined to matters in issue, and it must tend to prove or disprove these matters or be pertinent to them." *Boggs v. Commonwealth*, 199 Va. 478, 486, 100 S.E.2d 766, 772 (1957).

> Evidence which has no tendency to prove guilt, but only serves to prejudice an accused, should be excluded on the ground of lack of relevancy. . . . Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence.

*Bunting v. Commonwealth*, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967). These general rules of admissibility apply to photographic evidence. *Lucas v. HCMF Corp.*, 238 Va. 446, 451, 384

S.E.2d 92, 95 (1989). Moreover, "[t]he party offering the photograph must demonstrate its relevance and lay a foundation for its introduction into evidence." *Id.*

Although a timely objection was made to the admission of the photographs, the trial judge did not inquire of the Commonwealth the purpose for which the photographs were offered. Only at the time of the Commonwealth's closing argument, when the following events occurred, did the purpose become clear:

[COMMONWEALTH'S ATTORNEY]: **** We know that [the passenger] and Quinton Morris had been there before, because there were photographs in the house of Quinton Morris standing in front of the very same car with Mr. Bensusan and his child.

Here is a photograph of Quinton Morris and [the passenger] standing in the same — there is Mr. Bensusan's son in the photograph, there's the car, and you look at their hands. Of course, it's hard to tell in the Polaroid photograph, some distance away, but look and see if it doesn't look like a white substance like white cocaine in their hands. It's right there. And the —

[DEFENSE COUNSEL]: Objection, Your Honor.

THE COURT: You object to that?

[DEFENSE COUNSEL]: Yes sir.

THE COURT: The objection is sustained. That is speculative. . . . You will ignore that, ladies and gentlemen of the jury.

[COMMONWEALTH'S ATTORNEY]: In any event, they had been to the residence before. You are entitled to infer that Morris and [the passenger] were Bensusan's supplier of cocaine, and that they were there making a delivery of cocaine when they had the bad fortune —

[DEFENSE COUNSEL]: (interjecting) Objection, Your Honor. I don't think any inference can be made of that.

THE COURT: The objection is overruled.

The trial judge properly refused to allow the jury to engage in the speculation, urged by the Commonwealth at trial, that upon a close examination of the innocuous Polaroid photographs, the jury might discern a white substance and conclude that it was cocaine. The photographs were taken at an undisclosed earlier occasion and showed the individuals at such a distance that whatever they were holding is indistinct in the photograph. Now, on appeal, the Commonwealth asserts:

> [T]his photograph is not evidence of the defendant's prior unlawful conduct; the photograph does not show any of its subjects engaged in illegal activity. The picture is, however, highly probative and admissible evidence of a prior association between Bensusan and the defendant.

The charge for which Morris was on trial, however, was possession of cocaine with the intent to distribute. That charge did not require the Commonwealth to prove to whom Morris intended to distribute the cocaine. Moreover, proof that Morris knew Bensusan and that Morris had been at the residence on a prior occasion did not make it more likely than not that Morris, rather than the passenger, possessed the cocaine or intended to distribute it to Bensusan, even if Morris possessed it. The photographic evidence possessed no probative value in relation to the events that occurred on the day of the arrest. Combined with the evidence that the police were searching Bensusan's residence for cocaine, the photographs served only to prejudice Morris by invoking a suspicion immaterial to the charge and by suggesting an inference irrelevant to the ultimate issue of guilt.

It is axiomatic that an accused's prior conduct, unrelated to the events surrounding the charges at issue, are immaterial and irrelevant. In cases in which the evidence of prior, unrelated events implies illicit or unlawful conduct on the accused's part, the prejudicial impact of the evidence necessarily outweighs its minimal probative value. In *Donahue v. Commonwealth*, 225 Va. 145, 300 S.E.2d 768 (1983), the Supreme Court put to rest any notion that prior, unrelated criminal activity is probative of one's intent during the events subject of the charge. The Court addressed in *Donahue* whether evidence that the accused had been convicted for selling contraband on a prior occasion was admissible to prove the accused's intent on the subsequent occasion. Citing *Boyd v.*

*Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972), the Court concluded that the prejudicial impact of the improper evidence outweighed its probative value. *Donahue*, 225 Va. at 156, 300 S.E.2d at 774. It follows from the Court's reasoning that if prior, unrelated, but similar offenses are insufficiently probative of an accused's intent on a subsequent occasion, evidence of innocuous prior relations offered to imply illegal behavior does not tend to prove the accused's intent on the day in question and is more prejudicial than probative. A person's intent on a prior occasion is immaterial to that person's specific intent on a later date.

■ Furthermore, the Commonwealth's theory of the case, as advanced on this appeal, is a case of inferences piled upon inferences, all of which are extremely attenuated. The Commonwealth suggests on brief that the photographs are relevant because of the following connections:

> The photograph in question here illustrates that at some point before his arrest, the defendant had become associated with Bensusan. At trial, the jury heard evidence that in executing the search warrant at Bensusan's home, the police were looking for cocaine. Thus, the photograph, when considered in conjunction with the other evidence in the case, was relevant to show that the defendant possessed the intent to distribute the cocaine which was packaged for sale and thrown from his car. The drugs were discarded as he was approaching the isolated home of Bensusan, a person with whom the defendant was familiar and whom the police had reason to suspect was involved with drugs. Because the photograph bears a logical connection with the guilt of the defendant on the issue of intent, it was properly admitted as relevant and material to the charge against him.

Whenever the trier of fact is required to infer an element, the inference must be based upon facts and not upon other inferences. *Kayh v. Commonwealth*, 219 Va. 424, 427, 247 S.E.2d 696, 698 (1978).

In the absence of direct proof that Morris, and not his passenger, possessed and discarded the cocaine through the passenger window of the automobile, the Commonwealth offered the photographs to establish Morris' acquaintance with Bensusan, whose house had been searched for cocaine. Based on the proof that

Morris knew Bensusan, who was suspected of having cocaine in his residence, the suggested inferences were (1) that Bensusan was to receive the discarded crack cocaine, and (2), because of Bensusan's acquaintance with Morris, Morris was the one who intended to distribute and supply cocaine to Bensusan. Therefore, the Commonwealth concludes that Morris must have possessed the cocaine. The syllogism strains logic.

No proof was offered at trial that cocaine or any other drugs were found at Bensusan's residence. Even if drugs had been found in Bensusan's residence, the photographs, nonetheless, were offered to prove an association that was not probative of the issue at trial. In *Smith v. Commonwealth*, 217 Va. 336, 228 S.E.2d 562 (1976), the Supreme Court held that, standing alone, proof of an association with others engaged in illegal activities produces an impermissible inference of "guilt by association." *Id.* at 337, 228 S.E.2d at 563. The photographs do not prove any relevant fact to establish Morris' guilt with respect to the charged offense. They were offered solely to raise an inference of guilt by proving Morris' association with the person whose residence had been searched. No logical connection exists between Morris' association with Bensusan and whether Morris or the passenger possessed the cocaine.

Moreover, the error in admitting the photographs was not harmless. The Supreme Court's ruling in *Bunting* is apropos:

> The photographs introduced in evidence have no causal relation or logical and natural connection with the guilt of the defendant and are irrelevant and immaterial to the charge against him. We cannot say . . . that it was harmless error to admit them in evidence. The jury could have given the same weight to the photographs as assigned by the Commonwealth for their admissibility. Hence their admission was prejudicial and prevented the accused from having that character of an impartial trial to which one is entitled. . . .

208 Va. at 314, 157 S.E.2d at 208.

Accordingly, we reverse the conviction and remand the case for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., concurred.

Elder, J., dissenting.

I respectfully dissent and would affirm Morris' conviction for possession of cocaine with the intent to distribute.

On September 15, 1989, Investigator W. B. Upshaw and Detective E. L. Peck of the Spotsylvania Sheriff's Department were executing a search warrant for cocaine at a trailer occupied by Albert Bensusan, Denise Light and their children. Bensusan and Light were arrested for possession of cocaine with the intent to distribute. Upshaw saw a red car approaching on the driveway leading to the trailer. The car stopped approximately fifteen yards from the home. Upshaw saw a white object thrown from the passenger side window of the car, but he did not see which occupant of the car threw the object. Upshaw motioned for the vehicle to move forward and the driver complied. The car was a 1986 Pontiac Fiero, a two-seated sports car with a very small passenger compartment. Morris was driving the car, which was registered to his parents. The passenger in the car was Terence Bright, who was also arrested for possession of cocaine with the intent to distribute.

Upshaw directed Peck to search the area where he saw the white object land. Peck discovered a white paper napkin and thirty-two small packages of crack cocaine.

When Upshaw first looked in the car, he found a knife sticking out of the glove compartment. The car was subsequently impounded and searched. One additional package of cocaine, similar to those located near the napkin, was found under the floor mat on the passenger side.

At trial, the Commonwealth offered a series of photographs which were found in Bensusan's home. These photographs showed: (1) Bensusan, a child, and Morris; (2) Bright, a child and Morris; (3) two pictures of Bright alone; (4) a child and Morris; and (5) Morris alone. Each of these photographs also showed the red Fiero. These photographs were admitted over Morris' objection that the photographs had no probative value.

In closing argument, the prosecutor mentioned the photographs and stated, "[T]hey had been to the residence before. You are entitled to infer that Morris and Bright were Bensusan's supplier of cocaine, and that they were making a delivery of cocaine when they had the bad fortune —." The defense objected, stating, "I don't think any inference can be made of that." The court overruled the objection. Morris did not request a cautionary instruction or move for a mistrial.

This Court has stated:

"The admission of photographs is a matter resting within the sound discretion of a trial court," and the court's decision will be upheld unless an abuse of discretion is shown. But it is always essential to the right to introduce a photograph in evidence that it have a relevant and material bearing upon some matter in controversy at the trial, and the party offering such evidence should give proof of its relevancy to the issue before the jury.

*Cook v. Commonwealth*, 7 Va. App. 225, 231, 372 S.E.2d 780, 784 (1988)(citations omitted).

At trial, Morris objected to the admission of the photographs on the ground that they had no "probative value in this case." "Evidence is relevant in the trial of a case if it has any tendency to establish a fact which is properly at issue. When the probative value of evidence sought to be admitted outweighs any prejudicial effect, and no other objection is pertinent, the evidence is admissible." *Wise v. Commonwealth*, 6 Va. App. 178, 187-88, 367 S.E.2d 197, 202-03 (1988) (citation omitted). "The test establishing relevance is not whether the proposed evidence conclusively proves a fact, but whether it has any tendency to establish a fact at issue." *Id.* at 188, 367 S.E.2d at 203.

Here, Morris, the passenger in his car and the two adult occupants of the house being searched were charged with possession of cocaine with the intent to distribute. "Where an offense consists of an act combined with a particular intent, proof of intent is essential to the conviction. Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." *Servis v. Commonwealth*, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988)(citation omitted). The majority holds that photographic

evidence showing a prior, albeit legal, relationship between Morris and his alleged customers has no probative value. Under the facts of this case, prior acquaintance is a circumstance that can legitimately be considered in determining intent. The photographs of Morris and Bensusan proved that the two were acquainted. When taken with the other evidence in the case, including the evidence that Morris was approaching Bensusan's home when he was observed by police and the evidence that an occupant of the car discarded thirty-two packages of cocaine at this time, the jury could infer that Morris jointly possessed the cocaine with the intent to distribute.

The majority asserts that the Commonwealth was not required to prove to whom Morris intended to distribute the cocaine. That is correct, but the Commonwealth is not precluded from presenting evidence which tends to establish the identity of the intended distributee.

The probative value outweighed any prejudicial effect of the photographs. The photographs do not depict Morris engaged in any illegal activity. Therefore, the trial court did not abuse its discretion in admitting the photographs.

Morris also asserts that the court erred in overruling his objection to the prosecutor's statement to the jury during closing argument that "[y]ou are entitled to infer that Morris and Bright were Bensusan's supplier of cocaine." However, the Supreme Court "has repeatedly held that errors assigned because of a prosecutor's improper comments or conduct during closing argument will not be considered on appeal unless the accused timely moved for a cautionary instruction or for a mistrial." *Martinez v. Commonwealth*, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991). A timely motion for a mistrial or a cautionary instruction is required to preserve the issue for appeal even if an objection was properly made to the conduct or comments and overruled by the trial judge. *See Cheng v. Commonwealth*, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990). Here, Morris did not move for such an instruction or for a mistrial, so the argument is barred.

For the foregoing reasons, I would affirm.