**Richmond**

QUINTON LEE MORRIS

v.

COMMONWEALTH OF VIRGINIA

No. 0822-90-2

Decided April 7, 1992

284

COUNSEL

Charles D. Bennett, Jr., for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## UPON REHEARING EN BANC

OPINION

**ELDER, J.**—This Court granted an en banc hearing to the Commonwealth after Quinton Lee Morris's conviction for possession of cocaine with the intent to distribute had been reversed by the panel.[1] The issue on appeal is whether the trial court erred in admitting a series of photographs into evidence and permitting the prosecutor to state, during closing argument, that the jury could infer from the photographs that Morris and Terence Bright were Albert Bensusan's suppliers of cocaine. We affirm the judgment of the trial court.

On September 15, 1989, Investigator W. B. Upshaw and Detective E. L. Peck of the Spotsylvania Sheriff's Department were executing a search warrant for cocaine at a trailer occupied by Albert Bensusan, Denise Light and their children. Bensusan and Light were arrested for possession of cocaine with the intent to distribute. Upshaw saw a red car approaching on the driveway leading to the trailer. The car stopped approximately fifteen yards from the home. Upshaw saw a white object thrown from the passenger side window of the car, but he did not see which occupant of the car threw the object. Upshaw motioned for the vehicle to move forward and the driver complied. The car was a 1986 Pontiac Fiero, a two-seated sports car with a very small passenger compartment. Morris was driving the car, which was registered to his parents. The passenger in the car was Terence Bright, who was also arrested for possession of cocaine with the intent to

---

[1]    This decision was reported at 13 Va. App. 134, 409 S.E.2d 629 (1991).

distribute.

Upshaw directed Peck to search the area where he saw the white object land. Peck discovered a white paper napkin and thirty-two small packages of crack cocaine.

When Upshaw first looked in the car, he found a knife sticking out of the glove compartment. The car was subsequently impounded and searched. One additional package of cocaine, similar to those located near the napkin, was found under the floor mat on the passenger side.

At trial, the Commonwealth offered a series of photographs which were found in Bensusan's home. These photographs showed: (1) Bensusan, a child, and Morris; (2) Bright, a child and Morris; (3) two pictures of Bright alone; (4) a child and Morris; and (5) Morris alone. Each of these photographs also showed the red Fiero. These photographs were admitted over Morris's objection that the photographs had no probative value.

In closing argument, the prosecutor mentioned the photographs and stated, "[T]hey had been to the residence before. You are entitled to infer that Morris and Bright were Bensusan's supplier of cocaine, and that they were making a delivery of cocaine when they had the bad fortune —." The defense objected, stating, "I don't think any inference can be made of that." The court overruled the objection. Morris did not request a cautionary instruction or move for a mistrial.

This Court has stated:

> "The admission of photographs is a matter resting within the sound discretion of a trial court," and the court's decision will be upheld unless an abuse of discretion is shown. But it is always essential to the right to introduce a photograph in evidence that it have a relevant and material bearing upon some matter in controversy at the trial, and the party offering such evidence should give proof of its relevancy to the issue before the jury.

*Cook v. Commonwealth*, 7 Va. App. 225, 231, 372 S.E.2d 780, 784 (1988)(citations omitted).

■ At trial, Morris objected to the admission of the photographs on the ground that they had no "probative value in this

case." "Evidence is relevant in the trial of a case if it has any tendency to establish a fact which is properly at issue. When the probative value of evidence sought to be admitted outweighs any prejudicial effect, and no other objection is pertinent, the evidence is admissible." *Wise v. Commonwealth*, 6 Va. App. 178, 187-88, 367 S.E.2d 197, 202-03 (1988) (citations omitted). "The test establishing relevance is not whether the proposed evidence conclusively proves a fact, but whether it has any tendency to establish a fact at issue." *Id.* at 188, 367 S.E.2d at 203 (citation omitted).

■ Here, Morris, the passenger in his car and the two adult occupants of the trailer being searched were charged with possession of cocaine with the intent to distribute. "Where an offense consists of an act combined with a particular intent, proof of intent is essential to the conviction. Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." *Servis v. Commonwealth*, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988)(citation omitted). Under the facts of this case, prior acquaintance is a circumstance that can legitimately be considered in determining intent. The photographs of Morris and Bensusan proved that the two were acquainted. When taken with the other evidence in the case, including the evidence that Morris was approaching Bensusan's home (for which a warrant had been issued to search for cocaine) when he was observed by police and the evidence that an occupant of the car discarded thirty-two packages of cocaine at this time, the jury could infer that Morris jointly possessed the cocaine with the intent to distribute.

Although the Commonwealth is not required to prove to whom Morris intended to distribute the cocaine, nothing precludes the Commonwealth from presenting evidence that tends to establish the identity of the intended distributee.

The probative value of the photographs outweighed any prejudicial effect. The photographs do not depict Morris engaged in any illegal activity. Therefore, the trial court did not abuse its discretion in admitting the photographs.

■ Morris also asserts that the court erred in overruling his objection to the prosecutor's statement to the jury during closing argument that, "[y]ou are entitled to infer that Morris and Bright were Bensusan's supplier of cocaine." However, the Supreme Court "has repeatedly held that errors assigned because of a pros-

ecutor's improper comments or conduct during closing argument will not be considered on appeal unless the accused timely moves for a cautionary instruction or for a mistrial." *Martinez v. Commonwealth*, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991). A timely motion for a mistrial or a cautionary instruction is required to preserve the issue for appeal even if an objection was properly made to the conduct or comments and improperly overruled by the trial judge. *See Cheng v. Commonwealth*, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990). Here, Morris did not move for such an instruction or for a mistrial, so the argument is barred.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., Bray, J., Coleman, J., Moon, J., and Willis, J., concurred.

Benton, J., with whom Koontz, C.J., Barrow, J., and Duff, J., join, dissenting.

"Irrelevant evidence is never admissible." *Hogan v. Commonwealth*, 5 Va. App. 36, 43, 360 S.E.2d 371, 375 (1987) (citing *Boggs v. Commonwealth*, 199 Va. 478, 486, 100 S.E.2d 766, 772 (1957)). "[A]dmissibility of evidence . . . depends not upon the discretion of the [trial judge] but upon sound legal principles." *Crowson v. Swan*, 164 Va. 82, 92, 178 S.E. 898, 903 (1935). It is axiomatic that the trial judge lacks discretionary authority to admit inadmissible evidence.

Evidentiary rules of admissibility indisputably apply to photographic evidence. *Lucas v. HCMF Corp.*, 238 Va. 446, 451, 384 S.E.2d 92, 95 (1989). In order for photographs to be admissible, they "must relate and be confined to matters in issue, and [they] must tend to prove or disprove these matters or be pertinent to them." *Boggs*, 199 Va. at 486, 100 S.E.2d at 772. Stated in customary evidentiary terms, photographs must "not only [be] 'relevant' but . . . in fact [must be] *relevant to a material point, i.e., a matter which is itself a legitimate issue in the case.*" C. Friend, *Law of Evidence in Virginia* § 134 (3d ed. 1988) (emphasis in original).

Evidence which has no tendency to prove guilt, but only serves to prejudice an accused, should be excluded on the ground of lack of relevancy. . . . Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence.

*Bunting v. Commonwealth*, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967).

Morris's counsel timely objected to the admission of the photographs. Well established evidentiary principles provide that "[t]he party offering the photograph must demonstrate its relevance and lay a foundation for its introduction into evidence." *Lucas*, 238 Va. at 451, 384 S.E.2d at 95. Here, the trial judge did not inquire of the Commonwealth the purpose for which the photographs were offered. The photographs were admitted but were never used to illustrate any testimony. Only at the time of the Commonwealth's closing argument, when the following events occurred, did the purpose for the photographs become clear:

[COMMONWEALTH'S ATTORNEY]: **** We know that [the passenger] and Quinton Morris had been there before, because there were photographs in the house of Quinton Morris standing in front of the very same car with Mr. Bensusan and his child.

Here is a photograph of Quinton Morris and [the passenger] standing in the same — there is Mr. Bensusan's son in the photograph, there's the car, and you look at their hands. Of course, it's hard to tell in the Polaroid photograph, some distance away, but look and see if it doesn't look like a white substance like white cocaine in their hands. It's right there. And the

[DEFENSE COUNSEL]: Objection, Your Honor.

THE COURT: You object to that?

[DEFENSE COUNSEL]: Yes, sir.

THE COURT: The objection is sustained. That is speculative. . . . You will ignore that, ladies and gentlemen of the

jury.

It is apparent from the argument that the Commonwealth's attorney intended to use the photographs to persuade the jury that Morris had engaged in prior unlawful conduct. It is also apparent from an examination of the photographs that they were taken on an undisclosed, earlier occasion and showed the individuals at such a distance that whatever they were holding is indistinct in the photograph. The trial judge properly refused to allow the jury to engage in the speculation, urged by the Commonwealth at trial, that the parties shown in the photograph were holding cocaine in their hands.

After the trial judge refused to allow the photographs to be used for that purpose, the Commonwealth countered as follows:

[COMMONWEALTH'S ATTORNEY]: In any event, they had been to the residence before. You are entitled to infer that Morris and [the passenger] were Bensusan's supplier of cocaine, and that they were there making a delivery of cocaine when they had the bad fortune —

[DEFENSE COUNSEL]: (interjecting) Objection, Your Honor. I don't think any inference can be made of that.

THE COURT: The objection is overruled.

Now, on appeal, the Commonwealth rejects the initial argument put to the jury and asserts:

[T]his photograph is not evidence of the defendant's prior unlawful conduct; the photograph does not show any of its subjects engaged in illegal activity. The picture is, however, highly probative and admissible evidence of a prior association between Bensusan and defendant.

This after-the-fact rationalization for the admission of the photographs is as untenable as the initial, forbidden purpose.

No nexus exists between the prior acquaintance of Morris and Bensusan and the charge of possession with intent to distribute for which Morris was being tried. The Commonwealth's theory of the case, as advanced on this appeal, is a case of inferences piled upon

inferences, all of which are extremely attenuated. The Commonwealth suggests on brief that the photographs are relevant because of the following connections:

> The photograph in question here illustrates that at some point before his arrest, [Morris] had become associated with Bensusan. At trial, the jury heard evidence that in executing the search warrant at Bensusan's home, the police were looking for cocaine. Thus, the photograph, when considered in conjunction with the other evidence in the case, was relevant to show that [Morris] possessed the intent to distribute the cocaine which was packaged for sale and thrown from his car. The drugs were discarded as he was approaching the isolated home of Bensusan, a person with whom [Morris] was familiar and whom the police had reason to suspect was involved with drugs. Because the photograph bears a logical connection with the guilt of [Morris] on the issue of intent, it was properly admitted as relevant and material to the charge against him.

In other words, the Commonwealth argues that the photograph proves that Morris knew Bensusan, that because Morris knew Bensusan and was driving in the direction of his home, he was going to visit him, and that because Morris was going to visit Bensusan, Morris possessed drugs which he intended to distribute to Bensusan. The last inference strains logic and invalidates the syllogism. Furthermore, the inference is impermissible because whenever the trier of fact is required to infer an element, the inference must be based upon facts and not upon other inferences. *Kayh v. Commonwealth*, 219 Va. 424, 427, 247 S.E.2d 696, 698 (1978). The majority opinion simply adopts the Commonwealth's flawed argument and asserts that the photographs prove a prior acquaintance between Morris and Bensusan — a circumstance, they assert, that "can legitimately be considered in determining [Morris'] intent."

Proof that Morris knew Bensusan does not tend to prove that Morris, rather than the passenger, possessed the cocaine. This proof likewise does not tend to prove that Morris, even if he did possess the drugs, intended to distribute them to Bensusan. The photographic evidence possessed no probative value in relation to the elements of the crime charged. Combined with the evidence

that the police were searching Bensusan's residence for cocaine, the photographs served only to prejudice Morris by invoking a suspicion of guilty association and by suggesting an irrelevant and immaterial inference.

Proof that Morris was acquainted with Bensusan was immaterial to any issue in the case. Conceding that the Commonwealth was not required to prove the existence of a distributee, the majority argues, instead, that the Commonwealth is not precluded from so doing. The majority ignores, however, the prejudice that is engendered by allowing the Commonwealth to link Morris to Bensusan's alleged criminal conduct solely by proof of their acquaintance. Evidence that is collateral or unrelated to the issues to be proved and that tends to show "guilt by association" is inadmissible. *Smith v. Commonwealth*, 217 Va. 336, 337, 228 S.E.2d 562, 563 (1976). *See also Jackson v. Commonwealth*, 228 Va. 330, 321 S.E.2d 673 (1984); *Behrens v. Commonwealth*, 3 Va. App. 131, 348 S.E.2d 430 (1986).

The proof established that at some unspecified time Bensusan had been arrested for possession of cocaine with intent to distribute and that his residence was being searched for cocaine. No proof was offered at trial that cocaine or any other drugs were found at Bensusan's residence. Even if drugs had been found in Bensusan's residence, the photographs were offered to prove a prior association between Bensusan and Morris that was not probative of or material to any issue at trial. In *Smith*, the Supreme Court held that, standing alone, proof of an association with others engaged in illegal activities produces an impermissible inference of "guilt by association." 217 Va. at 337, 228 S.E.2d at 563.

The photographs do not prove any relevant or material fact to establish Morris's guilt with respect to the charged offense. They were offered solely to smolder in the evidence until the Commonwealth flamed an inference of guilt by proving Morris's association with the person whose residence had been searched upon probable cause to believe it contained cocaine. No logical connection exists between Morris' association with Bensusan and whether Morris or the passenger possessed the cocaine. "Where an inference supporting guilt is no more likely to arise from a proven fact than one favoring innocence, the inference of guilt is impermissible." *Morton v. Commonwealth*, 13 Va. App. 6, 11,

408 S.E.2d 583, 586 (1991).

Furthermore, it is axiomatic that an accused's prior conduct, unrelated to the events surrounding the charges at issue, is immaterial and irrelevant. When evidence of prior, unrelated events is offered to imply illicit or unlawful conduct on the accused's part at some later date, the prejudicial impact of the evidence necessarily outweighs its minimal probative value. In *Donahue v. Commonwealth*, 225 Va. 145, 300 S.E.2d 768 (1983), the Supreme Court put to rest any notion that prior, unrelated criminal activity is probative of one's criminal intent at a later time. The Court addressed in *Donahue* whether evidence that the accused had been convicted for selling contraband on a prior occasion was admissible to prove the accused's intent on the subsequent occasion. The Court concluded that the prejudicial impact of the improper evidence outweighed its probative value. *Donahue*, 225 Va. at 156, 300 S.E.2d at 774 (citing *Boyd v. Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972)).

It follows from the Court's reasoning that, if prior, unrelated but similar offenses are insufficiently probative of an accused's intent on a subsequent occasion, prior innocuous conduct cannot be used to prove the accused's intent on a subsequent occasion and is more prejudicial than probative. Simply put, a person's conduct or association on a prior occasion is immaterial to that person's specific intent on a later date.

Moreover, the error in admitting the photographs was not harmless. The Supreme Court's ruling in *Bunting* is apropos:

> The photographs introduced in evidence have no causal relation or logical and natural connection with the guilt of the defendant and are irrelevant and immaterial to the charge against him. . . . We cannot say . . . that it was harmless error to admit them in evidence. The jury could have given the same weight to the photographs as assigned by the Commonwealth for their admissibility. Hence their admission was prejudicial and prevented the accused from having that character of an impartial trial to which one is entitled. . . .

208 Va. at 314-15, 157 S.E.2d at 208 (citations omitted).

For these reasons, I would reverse the judgment of the trial court and remand for a new trial. Accordingly, I dissent.