## Norfolk

### JOHN W. PARKER

v.

### COMMONWEALTH OF VIRGINIA

No. 0979-91-1

Decided June 2, 1992

COUNSEL

(Charles B. Miller, Assistant Public Defender, on brief), for appellant.

Leah H. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from a conviction of robbery with the use of a firearm. The defendant contends that (1) evidence that the get-away car was stolen was inadmissible evidence of another crime and (2) a mistrial should have been ordered when an alternate juror was discovered to have remained in the jury room during part of the jury's deliberations. We hold that the evidence

that the automobile was stolen was admissible and that the defendant, who did not seek a mistrial, cannot now complain because the trial court failed to order one.

## STOLEN CAR

After the defendant robbed the bank, he was seen escaping in a red Monte Carlo with Florida license plates. Later, a red Monte Carlo with Florida license plates was found in a nearby parking lot. The car doors were open; the engine was still running; no key was in the ignition; an odor of tear gas was present inside the car; and red dye was on the passenger side window. An explosive dye pack containing tear gas and red dye had been placed with the money that the bank teller had given to the defendant. The vehicle had been stolen in Norfolk a few days earlier. Fingerprints taken from the stolen car matched those of the defendant.

While evidence that an accused committed other crimes is generally not admissible to prove the crime charged, it may be admissible if relevant to an issue or element required to be proven. *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985) (citing *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)). *See also Williams v. Commonwealth*, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962). Evidence of a separate crime is admissible where it is "connected with or leads up to the offense for which the accused is on trial." *Woodfin v. Commonwealth*, 236 Va. 89, 95, 372 S.E.2d 377, 381 (1988), *cert. denied*, 490 U.S. 1009 (1989). A "continuous and interwoven" course of criminal conduct, "consisting of a series of related crimes" need not be " 'sanitized' " of "all but the immediate crime" for which an accused is on trial. *Scott v. Commonwealth*, 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984). "[A]ll of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it" are admissible "even though they may show the defendant guilty of other offenses." *Id*. However, even where evidence of another crime falls within one of the stated exceptions, its probative value must outweigh any incidental prejudice to the defendant before it is admissible. *Sutphin*, 1 Va. App. at 245, 337 S.E.2d at 899.

Evidence that the red Monte Carlo was stolen was connected with the offense for which the accused was on trial. The fact that it was stolen tended to corroborate the Commonwealth's conten-

tion that the car was the one used to escape from this bank robbery. Furthermore, evidence that it was stolen enhanced the likelihood that the defendant had robbed the bank because it reduced the likelihood that the true owner of the automobile had done so. Finally, no evidence was presented that the defendant had stolen the automobile and, therefore, evidence that it was stolen did little, if anything, to prejudice the defendant beyond its proper purpose to show that the defendant, as opposed to someone else, committed the robbery.

## ALTERNATE JUROR

Twenty-five minutes after the jury began its deliberations, the trial court discovered that an alternate juror had not been excused and was inadvertently allowed to accompany the jury into the jury room. The trial judge asked defense counsel if he wanted him to "tell the rest of the jurors why she's no longer with them?" Defense counsel responded that he "would prefer that to having one just disappear from the deliberations." The trial judge then recalled the jury to the jury box and explained to them why the alternate juror was removed and instructed them to return to the jury room. Defense counsel then said, "For the record, Judge, we're going to object to the irregularity of the jury. I think they were out twenty-five minutes and there were thirteen jurors back there deliberating, sir." The court responded, "Well, she will certainly have nothing to do with the final conclusion rendered by the jury at this point. I'm going to overrule your motion, note your exception for the record."

An overwhelming majority of courts that have considered the question have concluded that the presence of an alternate juror at any time during jury deliberations is a fundamental irregularity requiring a mistrial. *State v. Bindyke*, 220 S.E.2d 521, 530 (N.C. 1975). However, in this case, the defense counsel did not request a mistrial.

An error is sufficiently preserved for consideration on appeal if a party "at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take *or* his objections to the action of the court and his grounds therefor." Code § 8.01-384 (emphasis added). Additionally, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the

grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. This rule serves to "avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action." *Campbell v. Commonwealth*, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).

■ Arguably, an objection, without more, should be sufficient to accomplish this purpose; however, on occasion more is required. If a party disagrees with the action of the trial court, the statement of an objection and the grounds of the objection are required. Code § 8.01-384. If, however, the party does not simply disagree with the action of the trial court, but seeks the trial court to take action, that action must be expressly sought. *Id.* For example, improper comments or conduct during closing argument may not be the basis for reversal unless a timely motion for a mistrial is made. *Cheng v. Commonwealth*, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990); *see also Martinez v. Commonwealth*, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991). A motion for mistrial is required to preserve such an issue for appeal even if an objection is made to the conduct or comments and is overruled by the trial court. *Morris v. Commonwealth*, 14 Va. App. 283, 287, 416 S.E.2d 462, 464 (1992) (en banc).

Similarly, in this case, a motion for a mistrial was required to assure that the trial court was advised of the action the defendant sought. Merely stating an objection to "the irregularity of the jury" failed to indicate what action the defendant wanted the trial court to take. Defense counsel may have been seeking a cautionary instruction or a voir dire of the jury to determine what effect, if any, the alternate juror had on the jury's deliberations. Precedent compels us to conclude that, even though the defendant voiced an objection, his failure to seek a mistrial or other action by the trial court prevents considering this error as a basis for a reversal. *See Cheng*, 240 Va. at 38, 393 S.E.2d at 605-06. *See also Martinez*, 241 Va. at 559 n.2, 403 S.E.2d at 359 n.2; *Morris*, 14 Va. App. at 286-87, 416 S.E.2d at 464.

For these reasons, the judgment of conviction is affirmed.

*Affirmed.*

Moon, J., concurred.

Benton, J., dissenting.

As a general rule, evidence of other criminal offenses is inadmissible. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). "To be admissible, evidence of other offenses must be relevant to an issue or element in the present case." *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). In response to John W. Parker's motion to exclude evidence that the automobile was "stolen," the Commonwealth argued and the trial judge agreed that the fact that the automobile was stolen was "part and parcel of this particular transaction." However, the record does not support the conclusion that proof that the automobile was stolen was relevant to any issue or element in this case. Because the potential for prejudice was so great, I believe the conviction must be reversed.

The teller testified that the robber entered the bank unmasked and looked around the bank while writing a note. As the teller watched the robber, he came to her window and handed her a note demanding money. She looked into his face as he stood an arm's length across the counter. The teller returned the note to the robber and gave him money. She described the robber in great detail when interviewed that day by the police. Two weeks after the robbery, she identified Parker in a line-up as the robber. At trial, she again identified Parker and described what Parker was wearing at the time of the robbery. The evidence at trial also proved that both the deposit slip and the withdrawal slip that the robber handled in the bank at the time of the robbery bore Parker's fingerprints.

Immediately after the robber departed the bank, the teller alerted a second teller. The second teller ran to a window and saw the robber enter a "1984 red Monte Carlo SS, Chevrolet," with Florida license plates. The manager of the bank also saw the robber run from the bank, enter the red Monte Carlo, and drive toward Bennett's Pasture Road. The manager testified that a camera in the bank photographed the robber. The manager identified the person in the photograph to be the same person who commit-

ted the robbery. The photograph of Parker was admitted as evidence and shown to the jury.

At the approximate time of these events, a mechanic on Bennett's Pasture Road saw the Monte Carlo enter a parking lot. Two men exited the Monte Carlo and entered a dark brown Cadillac with a white vinyl top and a red city decal. When the police got to the abandoned Monte Carlo in the lot on Bennett's Pasture Road, the driver's and passenger's doors were open and the motor was running. Parker's fingerprints were found in the automobile.

Based upon the mechanic's description of the Cadillac, the police alerted the City of Portsmouth police. Parker was stopped in the City of Portsmouth a week after the robbery. He was driving a Cadillac, registered to his mother, that matched the description given by the mechanic. The Cadillac was confiscated and later identified by the mechanic as the same Cadillac he saw on Bennett's Pasture Road.

In view of the prejudice that is engendered by proving that an accused has committed other criminal offenses, the Commonwealth's generalized assertion that proof that the car was stolen was "part and parcel of this particular transaction" is insufficient to establish that its probative value outweighed its prejudicial effect. Clearly, that the Monte Carlo had been stolen proves nothing relevant or material to the prosecution.

The majority concludes that proof that the Monte Carlo was stolen "tended to corroborate" it was used in the robbery. This reasoning hinges upon the acceptance as a universal truth that a common characteristic of cars used to escape from bank robberies is that they are stolen. No such argument was asserted by the Commonwealth on appeal nor suggested at trial. Furthermore, I know of no basis in common experience or logic to support the majority's reasoning. While a trial judge may take judicial notice of facts that are indisputably of common knowledge, Charles E. Friend, *The Law of Evidence in Virginia* § 283, at 720 (3d ed. 1988), the "fact" that underlies the majority's reasoning is neither indisputable nor accepted as common knowledge, as evidenced by the fact that the trial judge did not purport to adopt it by the process of judicial notice. In the absence of an express ruling by the trial judge taking judicial notice of the fact, this Court should not on appeal base its holding on that "fact." *See Sutherland v.*

*Commonwealth*, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988). In addition, the use of this type of reasoning to support an exception to the rule against the use of other criminal offense evidence will allow the "exception" to swallow the rule. To allow evidence of criminal conduct based on "common understanding" of criminal behavior is also so prejudicial as to outweigh the probative value of the evidence.

The probative value of the evidence that the car was stolen, assuming it exists, is so negligible as to be worthless. The proof tying the Monte Carlo to the robbery is complete without evidence that the car was stolen. The teller and bank manager identified the Monte Carlo as the automobile Parker used. The teller who saw Parker enter the Monte Carlo testified it had Florida license plates. Moreover, the mechanic identified the Monte Carlo as the automobile the men abandoned when they escaped in the Cadillac that Parker was driving when arrested. If more certain proof is required, the jury heard that the Monte Carlo was found abandoned a short distance from the bank and in the direction of escape. The motor was still running when the car was discovered. In addition, a red dye pack that the bank used to foil robbers had exploded inside the red Monte Carlo, leaving red dye and the odor of tear gas inside the automobile. The abandoned Monte Carlo had Florida license plates. Finally, Parker's fingerprints were found in the automobile. Proof that the automobile was stolen and that detailed the manner in which the steering column was disabled did nothing to enhance the proof of Parker's guilt. It tended only to prove that Parker had committed other crimes, facts wholly irrelevant to the crime for which he was on trial.

Evidence relevant only to the question of punishment is not admissible. *Duncan v. Commonwealth*, 2 Va. App. 342, 346, 343 S.E.2d 392, 395 (1986). Moreover, the majority's assertion that proof that the automobile was stolen was not harmful to Parker because Parker was not named as the thief, ignores the almost certain conclusion that the jury hearing the evidence would find that Parker was in fact the thief or a participant in the theft. *Cf. King v. Commonwealth*, 217 Va. 912, 914-15, 234 S.E.2d 67, 69 (1977).

The majority's assertion that the Commonwealth should be permitted to eliminate the likelihood that the true owner of the automobile was the perpetrator of the bank robbery by proving the

automobile was stolen may be acceptable in general theory but ignores the evidence in this record. Prejudicial evidence cannot be offered against an accused under the guise of eliminating some hypothetical person as a possible perpetrator. Parker did not contend that the owner of the automobile was involved in the robbery. The proof that the Monte Carlo was stolen came into evidence during the Commonwealth's case in chief without any explanation of purpose. In addition, the bank photograph and the positive identification of the robber by the bank employees do not leave in question the identity of the person who entered the bank and committed the robbery. The identity of the second person in the Monte Carlo was not an issue at Parker's trial.

By asserting in equivocal fashion that admission of the disputed evidence merely "tended to corroborate" and merely "enhanced the likelihood" that Parker robbed the bank, the majority acknowledges the tenuous relevance of the evidence to the crime of bank robbery. It is a fundamental rule of evidence that:

> For evidence to be admissible it must relate and be confined to the matters in issue and tend to prove an offense or be pertinent thereto. Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence.

*Bunting v. Commonwealth*, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967) (citing *Boggs v. Commonwealth*, 199 Va. 478, 486, 100 S.E.2d 766, 772 (1957)). Under the circumstances of this case, "evidence that [Parker] committed an unrelated crime is inadmissible against him." *King*, 217 Va. at 914, 234 S.E.2d at 69.

For these reasons, I would reverse the conviction and remand for a new trial.