WILLIAM DEAN TAYLOR

v.

COMMONWEALTH OF VIRGINIA

No. 0594-92-3

Decided November 9, 1993

COUNSEL

Jonathon M. Venzie, for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Janet F. Rosser, Assistant Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—William Dean Taylor appeals his convictions for first degree murder and the use of a firearm in the commission of a murder. He claims that the trial court erred (1) in allowing the Commonwealth's Attorney to impeach him by asking him on cross-examination whether "this [is] the first time you ever told this story," in violation of appellant's exercise of his right to remain silent; and (2) in allowing the Commonwealth's Attorney to display the victim's shirt, which had not been altered since the murder but emitted a noxious odor, in order to illustrate the pattern of bullet wounds in the victim's back. The Commonwealth argues that these assignments are barred because of appellant's failure to make a timely objection at trial or to move for a mistrial or request a cautionary instruction. For the reasons set forth below, we affirm appellant's convictions.

On the evening of May 18, 1991, Edna Turmire Taylor died in her home after receiving two twenty-gauge shotgun wounds in her back and multiple buckshot wounds in her chest. Although appellant, the victim's husband, was the only family member at home at the time of the shooting, the victim's son, Thomas Turmire was sitting in a car parked nearby and heard three shots. As Thomas approached the house, he heard a gun being racked and saw appellant walking toward him carrying a twenty-gauge shotgun. Thomas asked what was going on, but appellant did not reply. When Thomas reached the house, he found his mother lying on the floor.

Thomas' companion in the car, neighbor Ronnie Greear, who admitted that he had been drinking that evening, testified that he heard two shots. He said Thomas then got out of the car and ran down the hill, at which point Greear "heard words." After that, appellant drove his car up to where Greear was parked, told Greear "something like . . . [h]e'd shot his wife or he'd shot his old lady," and asked Greear to follow him down the road in his car. Eventually, they both stopped

and got out of their cars, at which time Greear said, "Bill you didn't," and appellant said, "I did."

Investigator James Billings testified as to the condition of the crime scene, including the position and condition of the victim's body. During his testimony, the Commonwealth sought to introduce the shirt worn by the victim at the time of the murder in order to illustrate the position of the wounds in her back, which were not shown by the photographs. Counsel for appellant objected to the admission of the shirt on the ground that it was more prejudicial than probative due to its offensive condition. The trial judge sustained the objection, stating that any contact with the shirt was likely to make one or more of the jurors ill. He did, however, allow witness Billings to hold up the shirt from the witness stand to show the jury the holes in the back. Appellant's only other objection was that if the shirt had been cut from the victim's body, it could not properly illustrate the position of the bullet wounds. Appellant subsequently conceded that the shirt had not been altered and made no further objections to the Commonwealth's use of the shirt.

Appellant testified at trial. He stated that he heard a "solid roar" while he was in the shower and then found his wife lying on the floor but did not see who shot her. He then went into shock and left the house without checking to see whether she was still alive. On cross-examination, the Commonwealth's Attorney asked, "[I]s this the first time that you've ever told this story to anybody?" Appellant responded, "Just to my lawyer there." Counsel for appellant did not object to this question, a point which he conceded after the case had been submitted to the jury. He did, however, object to a similar comment made by the Commonwealth's Attorney during closing arguments. The trial court overruled that objection, and appellant failed to request a mistrial.

I.

Appellant contends first that the Commonwealth violated his Fifth Amendment rights by commenting on his failure to make a statement concerning the incident prior to trial. He points both to a question the prosecutor asked him on cross-examination and to comments made by the prosecutor during his closing argument. In regard to the Commonwealth's contention that appellant's assignment of error did not include the comments made by the prosecutor during closing argument—because it referred only to the question put to appellant "on

the stand"—we hold that the prosecutor's comments during closing were merely a continuation of his earlier questioning and were, therefore, part and parcel of the assignment of error for which an appeal was granted by this Court. However, both of these claims are barred on other grounds.

In regard to appellant's claim that the prosecutor improperly raised this issue on cross-examination, appellant's counsel failed to make a contemporaneous objection at trial, a fact which he acknowledged after the jury had been charged.[1] This failure bars our review of his claim, despite the fact that it implicates his constitutional rights. *See* Rule 5A:18; *Connelly v. Commonwealth,* 14 Va. App. 888, 891, 420 S.E.2d 244, 246 (1992) (citing *Superintendent v. Hayes,* 215 Va. 122, 123-24, 207 S.E.2d 823, 824 (1974) (holding no exception under Rule 5A:18 for due process claims)).

Appellant's challenge to the similar reference made by the Commonwealth during closing arguments is also barred. Although appellant made a contemporaneous objection, the testimony on which the prosecutor commented had already been admitted without objection. In addition, appellant failed to move for a mistrial or to request a cautionary instruction. The Virginia Supreme Court "has repeatedly held that errors assigned because of a prosecutor's improper comments or conduct during argument will not be considered on appeal unless the accused timely moves for a cautionary instruction or for a mistrial." *Martinez v. Commonwealth,* 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991); *see Cheng v. Commonwealth,* 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990); *Morris v. Commonwealth,* 14 Va. App. 283, 286-87, 416 S.E.2d 462, 464 (1992) (en banc). This is so even where an objection is made and overruled by the trial court. *Morris,* 14 Va. App. at 287, 416 S.E.2d at 464. For these reasons, our consideration of this assignment of error is barred.[2]

---

[1] Counsel stated at that time:
That was the Commonwealth's first question when he started to examine the defendant. No objection was raised at that time; however, that doesn't give him license to comment on something that clearly runs [afoul] of the defendant's [c]onstitutional right not to testify or to tell anybody.

[2] Even if this assignment of error were not barred, it would fail on the merits. *See Brecht v. Abrahamson,* 113 S. Ct. 1710 (1993); *Fletcher v. Weir,* 455 U.S. 603 (1982).

## II.

██ Appellant also assigns error to the Commonwealth's use of the victim's shirt to show the location of the bullet wounds in her back, arguing that it was more prejudicial than probative because of its offensive smell. Evidence is generally admissible if it "is both material—tending to prove a matter which is properly at issue in the case—and relevant—tending to establish the proposition for which it is offered." *Johnson v. Commonwealth,* 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986). However, "relevant evidence should be excluded if the prejudicial effect of the evidence outweighs its probative value[, but] [t]he fact that some prejudice may result does not justify automatic exclusion." *Evans-Smith v. Commonwealth,* 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) (citations omitted). After reviewing the record, we conclude that the use of the shirt at trial was not improper.

Although we can find no Virginia case law precisely on point, the case cited by the Commonwealth, *Mackall v. Commonwealth,* 236 Va. 240, 372 S.E.2d 759 (1988), *cert. denied,* 492 U.S. 925 (1989), is informative. In *Mackall,* the Commonwealth sought to have the medical examiner insert a knitting needle into a styrofoam model of a human head in order to illustrate the path of the fatal bullet. The defendant argued that the medical examiner's testimony alone was sufficient for that purpose. The Supreme Court emphasized that the admission of demonstrative evidence lies within the sound discretion of the trial court and that "[u]sing the knitting needle and styrofoam head to demonstrate the trajectory of the bullet probably shortened the time needed to describe the bullet's points of entry and exit and its course through the head and made it easier for the jury to understand the medical examiner's description." *Id.* at 254, 372 S.E.2d at 768. On that basis, it held that the trial court did not abuse its discretion "in admitting this evidence and permitting the demonstration." *Id.*

In this case, the trial judge concluded, in response to appellant's objection, that admitting the shirt into evidence and allowing the jury to examine it closely and carry it into the jury room would, indeed, have been overly prejudicial. He also concluded, however, that the shirt had significant probative value: "it is the garment that the decedent was wearing when she was shot, . . . the Commonwealth has a right to prove what happened, and . . . [the shirt] tends to substantiate the testimony of other witnesses." For those reasons, he refused to admit the shirt into evidence but allowed Officer Billings to hold it up while ex-

plaining to the jury the location of the gunshot wounds. Based on the holding of the Supreme Court in *Mackall,* we cannot conclude that the trial judge abused his discretion in allowing limited use of the shirt as demonstrative evidence. *See Haralson v. Mississippi,* 318 So. 2d 891, 895 (Miss. 1975) (allowing actual admission into evidence of the victim's clothing on ground that its probative value in showing the location of the bullet holes was greater than any prejudice resulting from its "bad odor"); *Cape v. Georgia,* 272 S.E.2d 487, 492 (Ga. 1980) (allowing admission of bag containing sheet of black plastic upon which murder victim was found on basis that its probative value, in supporting state's theory that the defendant had attempted to conceal and dispose of the body, was greater than any prejudice resulting from its "strong, nauseating odor which permeated the court room"), *cert. denied,* 449 U.S. 1134 (1981). In addition, the record is devoid of any evidence showing that the jury reacted negatively to the manner in which the shirt was used at trial.

For the foregoing reasons, we affirm appellant's convictions.

*Affirmed.*

Koontz, J., and Fitzpatrick, J., concurred.