COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


FRANKLIN MONROE SOUTHARD, JR.
                                  MEMORANDUM OPINION* BY
v.    Record No. 2706-02-4         JUDGE D. ARTHUR KELSEY
                                       JULY 8, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                 J. Howe Brown, Jr., Judge Designate

            Rex L. Edwards, Jr. (Davies, Barrell, Will,
            Lewellyn, & Edwards, P.C., on brief), for
            appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     On appeal, Franklin Monroe Southard challenges his

convictions for eluding a law enforcement officer (Code

§ 46.2-817) and reckless driving (Code § 46.2-852).

     During closing arguments at trial, the prosecutor commented

on testimony by a police officer about an incriminating statement

made to the officer by Southard's sister.  Southard objected,

stating:  "Your Honor, we would like to place an objection.  I

believe the Commonwealth Attorney referred to a statement by the

sister.  I don't believe that is in evidence here today."  The

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

trial court replied:  "I don't think there's any statement by the sister that's in evidence."  After the prosecutor clarified the statement he was referring to, the trial court stated:  "The jury's memory will govern."  The entire discussion took place in open court with the jury present.

Southard argues on appeal that the trial court erred by failing to rule on his objection to the allegedly improper remark by the prosecutor during closing arguments.  The trial court compounded that error, Southard contends, by not sustaining his objection to that remark.  We find both arguments procedurally defaulted on appeal.

Assuming arguendo the trial judge's remarks in response to the objection did not constitute a ruling, the judge's failure to rule would itself constitute an error that must be the subject of a specific, contemporaneous objection.  See Buck v. Jordan, 256 Va. 535, 545, 508 S.E.2d 880, 885-86 (1998) (noting that, without an objection, a party does not preserve for appeal the court's refusal to rule); Taylor v. Commonwealth, 208 Va. 316, 324, 157 S.E.2d 185, 191 (1967) (finding waiver where counsel, after objecting to a prosecutor's remark, "did not insist that the court rule"); Harter v. Commonwealth, 31 Va. App. 743, 752, 525 S.E.2d 606, 610-11 (2000); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993) ("Because he was denied nothing by the trial court, there is no ruling for us to review.").

-

Moreover, even if the trial court had expressly overruled the objection to the prosecutor's remark, a "timely motion for a mistrial or a cautionary instruction is required to preserve the issue for appeal even if an objection was properly made to the conduct or comments and improperly overruled by the trial judge." Morris v. Commonwealth, 14 Va. App. 283, 287, 416 S.E.2d 462, 464 (1992) (en banc); see also Schmitt v. Commonwealth, 262 Va. 127, 148, 547 S.E.2d 186, 200-01 (2001); Martinez v. Commonwealth, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991); Taylor v. Commonwealth, 17 Va. App. 271, 274, 437 S.E.2d 202, 204 (1993). "There appears to be no exception in Virginia law to the strict application of this rule." Bennett v. Commonwealth, 29 Va. App. 261, 281, 511 S.E.2d 439, 448-49 (1999).

For these reasons, we affirm the trial court's judgment without reaching the merits of Southard's arguments on appeal.[1]

Affirmed.

---

[1] We also do not address whether the "good cause" or "ends of justice" exceptions to Rule 5A:18 apply, given that Southard does not argue on appeal for either. Nor do we see any grounds to apply the exceptions sua sponte.

-