## Richmond

DAVID V. DOYLE v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record Nos. 7788, 7789 and 7790.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Robert J. Surovell; T. William Dowdy (Surovell, Smith & Parks,* on brief), for plaintiff in error in Record Nos. 7788, 7789, and 7790.

*William P. Robinson, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7788, 7789, and 7790.

Per Curiam.

The defendant, David V. Doyle, who waived trial by jury, was found guilty by the trial court on three indictments charging grand larceny by check, a violation of Code § 6.1-115. He was sentenced to a term of two years in the penitentiary on each indictment with the sentences to run concurrently.

The three checks in question were used to purchase merchandise at the same department store on the same day. The three employees who received the checks admittedly could not and did not identify the defendant as the person who wrote or presented the checks.

The evidence establishes that each of the employees required the person presenting the checks to provide at least two other documents for the purpose of establishing his identity. In each transaction the

person presenting the check used a District of Columbia driver's license and a Washington Gas Light Company employee identification card issued to David V. Doyle. The evidence shows that there was a photograph on the driver's license and on the employee identification card. Neither the original nor copies of either of these documents was offered or presented in evidence.

Each of the store employees testified he would not have accepted the check if the photograph on the identification presented had been different from the person who presented the check.

To hold this evidence sufficient to establish the identity of the defendant as the person who presented the checks would require us to base an inference upon an inference. It would first require us to infer that the identification documents and photographs, which are not in evidence, were genuine and authentic. It would then require us to infer and assume that the defendant was the person who presented the checks since this person presented identification of the defendant. This we cannot do.

The judgments are, therefore, reversed and the cases are remanded for new trials if the Commonwealth be so advised.

*Reversed and remanded.*