## Richmond

## DYRON W. KAYH,
### Also known as Kurt Kiriluk

v.

## COMMONWEALTH OF VIRGINIA

October 6, 1978.

Record No. 771559.

Present: All the Justices.

*Stephen L. Bryant* for appellant.

*Robert H. Herring, Jr., Assistant Attorney General (Marshall Coleman, Attorney General,* on brief) for appellee.

HARRISON, J., delivered the opinion of the Court.

Dyron W. Kayh, also known as Kurt Kiriluk, was tried in the court below on two warrants charging him with unlawfully defrauding Sears, Roebuck & Company. Defendant is alleged to have given the company checks for $15.98 and $31.67, both having been returned because of insufficient funds in Kayh's account in the bank on which they were drawn. The defendant was convicted and sentenced in each case to serve thirty days in jail. In view of our decision we need only consider the defendant's assignment of error which questions the sufficiency of the evidence to convict.

The agreed statement of facts and the exhibits show that on or about August 15, 1974, Sears, Roebuck & Company accepted in due course of business the two checks, both dated August 15, 1974, signed by Dyron W. Kayh and drawn on First & Merchants National Bank, Richmond, Virginia. Raymond L. Cash, an employee of the company, testified that before he accepted the checks he required an identification of the person who presented them, which accounted for the Virginia driver's license number 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 found thereon; that this number was copied from the license which was exhibited to him at the time the checks were presented; and that he also compared the picture on the driver's license with the individual presenting the checks and concluded that he was one and the same person. Cash was unable to identify the defendant as the individual who presented the checks.

A. T. Norton, Security Manager of Sears, Roebuck & Company, testified that the company made two separate and unsuccessful attempts to cash the checks, and that thereafter, on September 6, 1974, a notice that the checks had been returned was sent to the individual whose name was signed and whose address was given on the checks, (Dyron W. Kayh, 4320 Forest Hill Avenue, Richmond, Virginia). The checks were never paid. However, Norton testified that a letter was received by Sears, Roebuck & Company, signed "Kurt W. Kiriluk (Dyron W. Kayh)", 911 North Haskell

Avenue, Dallas, Texas 75204, dated February 1, 1977, addressed to Ms. Linda A. Ellis, Assistant Security Officer for Sears, Roebuck & Company. The author of the letter acknowledged receipt of notice that Sears was holding his outstanding checks in the amounts of $15.98, $31.67, $131.08 and $109.51. An apology was extended "for this mixup and the time lapse" which the writer attributed to illness and medical problems that he had experienced. The writer signed his name Kurt W. Kiriluk, but recited in the letter that he also used the name Dyron W. Kayh. He requested that the checks be transferred to his charge account at Sears, Roebuck & Company, and gave the number of the account. This letter was admitted in evidence.

Chesterfield County detective, Alan Davis, testified that Virginia driver's license #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 was in fact issued to Dyron W. Kayh by the Virginia Division of Motor Vehicles. Davis also said that the social security number noted on the checks was the number assigned to Kurt W. Kiriluk. Davis never interviewed the defendant and could not identify him.

No one identified the defendant, who was arraigned and tried as Dyron W. Kayh, also known as Kurt W. Kiriluk, as the same individual who negotiated the two checks at Sears, Roebuck & Company. While Cash satisfied himself at the time he accepted the checks that the individual who then exhibited a driver's license purportedly issued to Dyron W. Kayh was the same person whose picture was shown on the license, he did not identify the defendant as having been that person.

Although the letter was signed by Kurt W. Kiriluk, there is no testimony that the signature on this letter was made by the same person as the individual whose signature appears on the checks, or is the same as the signature of the defendant found on a motion which he filed in the case. No one from the bank on which the checks were drawn testified, and no witness was called who had any familiarity with the handwriting of the defendant or any expertise in identifying handwriting.

In *Doyle* v. *Commonwealth*, 212 Va. 677, 187 S.E.2d 201 (1972), the defendant used three checks to purchase merchandise in the same department store on the same day. The employees who received the checks could not identify the defendant as the person

who wrote or presented the checks. However, each testified that he or she required the person presenting the checks to provide at least two documents for the purpose of establishing identity. In each case the person presenting the checks used a District of Columbia driver's license and a Washington Gas Light Company employee identification card issued to David V. Doyle. There was a photograph on the driver's license and on the employee identification card. And there, as in the instant case, neither the original nor a copy of defendant's driver's license was offered in evidence. Additionally, in *Doyle* the three store employees testified that they would not have accepted the checks if the photographs on the driver's license had been different from the person presenting the check. We held as follows:

> "To hold this evidence sufficient to establish the identity of the defendant as the person who presented the checks would require us to base an inference upon an inference. It would first require us to infer that the identification documents and photographs, which are not in evidence, were genuine and authentic. It would then require us to infer and assume that the defendant was the person who presented the checks since this person presented identification of the defendant. This we cannot do." 212 Va. at 678, 187 S.E.2d at 202.

While the signature Kurt W. Kiriluk, signed by defendant to his "Motion for Fast and Speedy Trial", is strikingly similar to the signature Dyron W. Kayh, signed to the two checks involved and to the letter, and while the evidence in the case raises a strong suspicion that the defendant did negotiate the two worthless checks, the testimony is insufficient to establish this fact beyond a reasonable doubt. The judgments are therefore reversed and the warrants dismissed.

*Reversed and dismissed.*