## Richmond

BARBARA ANN EDWARDS

V.

COMMONWEALTH OF VIRGINIA

Record No. 830810.

April 27, 1984.

Present: All the Justices.

350

*George A. Jones, Jr.,* for appellant.

*Thomas D. Bagwell, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

In this appeal from a bad-check conviction,* the sole issue is whether the evidence was sufficient to prove that the defendant was the person who presented the check.

On September 18, 1982, a $25.00 check was cashed at Blairs Minit Market in Pittsylvania County. Printed on the face of the check was:

BARBARA EDWARDS

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

703 Jefferson Street

Danville, Va 24541

The check bore the signature "Barbara Edwards," followed by a handwritten telephone number.

The clerk who received the check' was unable to identify the defendant or any other person as the individual who had presented it, but did recall that it had been given to her by "a big woman." She could not remember the woman's race. The clerk testified that the check had been made out in its final form when presented, that she required no identification from the presenter, and that

---

* The defendant was charged with "third-offense petit larceny by check" under Code § 18.2-181 and § 19.2-297, a Class 6 Felony. Upon conviction, she was sentenced to four years in the penitentiary.

she wrote her initials on the upper right corner of the face of the check before cashing it. Her usual practice, she said, was simply to inquire of people whether "they've cashed them there before."

The check was returned to the store stamped "account closed." The owner of the store made several telephone calls to the number written on the check, but received no answer. The owner then sent a letter, by certified mail with return receipt requested, to Barbara Edwards at the address given on the check, demanding payment of the check and protest fees within five days. The letter was returned by the Postal Service marked "notified" and "unclaimed."

On November 18, the owner obtained a criminal warrant which initiated this prosecution. After it had been served on the defendant, two payments were made to the store, purporting to cover the amount of the check. The first was made by an unidentified person who left $15.00 in cash with a clerk, stating that it was a part payment on Barbara Edwards' check. The second payment, in the amount of $10.00, was delivered by a "teenage" girl on December 16. The girl requested, and was given by the owner, a receipt for $10.00 made out to Barbara Edwards. The defendant was thirty-eight years old at the time of trial.

On December 24, the defendant was arrested to satisfy a capias. The arresting officer asked her to state her social security number. She responded with the same number as the one printed on the check.

In a bench trial, the Commonwealth presented the foregoing evidence, the defendant's motion to strike was denied, and the defendant rested, presenting no evidence. The court found the defendant guilty, ruling that the evidence of voluntary payments made on the check after the institution of criminal proceedings "puts an affirmative burden on [the defendant] to go forward with the evidence and explain satisfactorily what relationship, if any, she had with this check."

*Kayh* v. *Commonwealth,* 219 Va. 424, 247 S.E.2d 696 (1978), and *Doyle* v. *Commonwealth,* 212 Va. 677, 187 S.E.2d 201 (1972), were bad-check cases in which no witness could identify the person who had presented the check, although in each case the check would presumably not have been accepted without some satisfactory identification. We reversed each conviction on the ground that the evidence failed to prove that the defendant was in fact the person who had presented the check, an essential element of the crime.

The Commonwealth argues on appeal that *Kayh* and *Doyle* do not control here because of the effect of Code § 19.2-270.3, which was enacted in 1981, presumably in response to those cases. It provides as follows:

> **Admissible evidence as to identity of party presenting bad check, draft or order.** — In any prosecution under § 18.2-181 or § 18.2-182 for the presentation of a bad check, draft or order, the following shall be admissible in any proceeding, hearing or trial of the case and may be deemed competent evidence with respect to the identify of the person who delivered the check, draft or order in question to the payee, cashing party or its representative:
>
> 1. The unpaid or dishonored check, draft or order, bearing a notation thereon of the full name, residence address, home telephone number, and either the driver's license, social security or credit account identification number of the person who delivered such check, draft or order to the payee, the cashing party or its representative, and bearing the initials of the representative of the payee or cashing party to whom the check, draft or order was delivered, as evidence that such information was transcribed on such check, draft or order at the time of such delivery; or
>
> 2. A composite photograph of the check, draft or order, and of the person delivering such check, draft or order, and of other documentation identifying such person, such as a driver's license, social security card, or credit card, taken together at the time the check, draft or order was delivered by such person to the payee, the cashing party or its representative.

The Commonwealth contends that the effect of this statute, when the operative facts have been proved, is to create a rebuttable presumption that the check was presented by the person whose name, address, telephone number, and social security or other identifying number are noted thereon. Such a state of facts, the argument continues, amounts to a prima facie showing that the defendant, whose identifying data are written on the check, is the person who presented it, casting upon the defendant the burden of going forward with evidence tending to show that the check was employed by another. We cannot agree with this interpretation.

If the legislative purpose was to create such a rebuttable presumption, the statutory language fell short of accomplishing that end. Such a presumption might have been specifically created, but, significantly, was not. It is axiomatic that criminal statutes will be strictly construed against the Commonwealth, and not expanded in their application by judicial interpretation. *Martin* v. *Commonwealth,* 224 Va. 298, 295 S.E.2d 890 (1982).

The Attorney General argues on appeal that the statutory words "may be deemed competent evidence with respect to the identity of the person who delivered the check," are equivalent to "shall be sufficient evidence to show, prima facie, that the person whose identifying data is [sic] written on the face of the check, is the person who presented it." We think not. The opening paragraph of the statute makes admissible and competent, as to the identity of the presenter, only that evidence specified in the following numbered paragraphs. Paragraph 1, relied on here, refers only to identifying data "of the person who delivered such check." Thus, in order to become admissible and competent, the identifying data must still be shown somehow to pertain to the presenter. The presenter's identity must still be shown by some other means. The Attorney General's argument urges us to end this circular exercise by reading into the statute provisions which it does not contain. We are unable to do so.

■ The payments made on account of the check, by unidentified persons, after this prosecution had been instituted, may constitute suspicious circumstances, but they cannot be attributed to guilty knowledge on the defendant's part, and they are insufficient to prove, beyond a reasonable doubt, that she presented the check.

*Kayh* and *Doyle* remain dispositive. Finding that the court erred in denying the defendant's motion to strike the evidence, we will reverse the conviction and dismiss the indictment.

*Reversed and dismissed.*