Present:  All the Justices

MARY RICHARDSON, ET AL.

v.    Record No. 960372        OPINION BY JUSTICE ELIZABETH B. LACY
                                        November 1, 1996
CITY OF SUFFOLK, ET AL.

                FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                        Rodham T. Delk, Jr., Judge


        This appeal involves a challenge to a zoning ordinance
granting a conditional use permit for the operation of an
automobile racetrack in the City of Suffolk.

        Following a public hearing, the City of Suffolk enacted two
zoning ordinances.  The first ordinance, No. 1-95, rezoned 65
acres of land owned by UA Associates from an agricultural use
classification to B-2, General Business.  The second ordinance,
No. 2-95, granted UA Associates a conditional use permit allowing
the 65 acres of land to be used for an automobile racetrack
subject to a number of conditions.

        Mary Richardson and other citizens of the cities of Suffolk
and Chesapeake (collectively "the citizens") filed this
declaratory judgment action seeking a determination, inter alia,
that Ordinance No. 2-95 was invalid because an automobile
racetrack is not a use for which a conditional use permit could
be granted in the B-2 General Business district.  Following an
ore tenus hearing, the trial court determined that the ordinance
was valid and dismissed the motion for declaratory judgment.  We
awarded the citizens an appeal to consider the validity of
Ordinance No. 2-95 granting the conditional use permit.

        Ordinance No. 2-95 was enacted pursuant to Suffolk City Code

§ 31-445.4(i) which permits the granting of a conditional use permit in a B-2 district for:

Commercial recreational uses including bowling alleys, miniature golf, golf driving ranges, pool halls, billiard parlors, dance halls, penny arcades and similar forms of public amusement.

The citizens argue that this section is an "inclusive ordinance" which only allows those uses specifically named and prohibits all others. Wiley v. County of Hanover, 209 Va. 153, 163 S.E.2d 160 (1968). Applying the "associated words" principle of statutory construction, the citizens conclude that an automobile racetrack is prohibited because it is not similar in nature to the uses identified in City Code § 31-445.4(i). The dissimilarities cited by the citizens include the spectator rather than participatory nature of the proposed facility as well as its size. In asserting these arguments, the citizens fail to address critical, long-standing principles applicable to judicial review of zoning ordinances.

When, as here, a city council reserves to itself the right to issue a conditional use permit, action on a request for such a permit is a legislative function. Bollinger v. Bd. of Supervisors, 217 Va. 185, 186, 227 S.E.2d 682, 683 (1976); Byrum v. Bd. of Supervisors, 217 Va. 37, 40, 225 S.E.2d 369, 372 (1976). Judicial review of the grant of a conditional use permit follows the same standards applicable to review of any local governing body's legislative zoning decision. City Council of Virginia Beach v. Harrell, 236 Va. 99, 102, 372 S.E.2d 139, 141 (1988); Fairfax County v. Southland Corp., 224 Va. 514, 522, 297

S.E.2d 718, 722 (1982). The legislative zoning decision is presumed to be valid. If the presumptive validity of the decision is challenged by probative evidence that it was unreasonable, the governing body is required to produce sufficient evidence of reasonableness to make the issue fairly debatable. If the issue is fairly debatable, the local governing body's legislative zoning decision must be sustained. Id. at 522-23, 297 S.E.2d at 722.

In this case, the citizens have not challenged the conditional use permit as unreasonable, but assert that rules of statutory construction preclude the result reached by the city council. Assuming this argument qualifies as sufficient probative evidence that the city council's action was unreasonable, we think the city council has met its burden of producing sufficient evidence of reasonableness to make the issue fairly debatable.

The proposed automobile racetrack qualifies as a commercial recreational activity. City Code § 31-445.4(i) clearly anticipates uses in addition to those specifically listed. City Code § 31-445.1 states that the B-2 zoning classification is intended to apply to lands which by virtue of "their accessibility to arterial roadways and utilities" and relationship to defined market areas are "well suited" to provide commercial services and "are intended to serve larger commercial markets." Uses permitted as a matter of right in the B-2 district include such activities as theatres, parking lots, restaurants, hotels, motels, hospitals, schools, and colleges.

City Code § 31-445.2.  Furthermore, the city granted the permit subject to a number of restrictions such as limiting the races to certain days of the week, times of the year, and time of day, requiring that the area be screened, and requiring city approved litter, traffic, and security controls.

This evidence of the reasonableness of the city council's action is sufficient to make the issue whether an automobile racetrack is a permitted use under City Code § 31-445.4(i) fairly debatable.  Because the issue is fairly debatable, the city's zoning decision must be sustained.

Accordingly, we will affirm the judgment of the trial court.

Affirmed.

JUSTICE HASSELL, with whom CHIEF JUSTICE CARRICO joins, dissenting.

I dissent because I am of opinion that the City of Suffolk has violated its own zoning ordinance, which states in relevant part:

> "Conditional uses.  The following uses are permissible in B-2 districts subject to the provisions of Article VIII [conditional use permit regulations]:
>
> . . . .
>
> (i)  Commercial recreational uses including bowling alleys, miniature golf, golf driving ranges, pool halls, billiard parlors, dance halls, penny arcades and similar forms of public amusement."

I agree with the majority that the decision to grant or deny a conditional use permit is a legislative act.  However, the City's legislative prerogatives are not unlimited and, in the exercise of such power, the City must comply with its own

ordinance. Here, the City's ordinance places certain restrictions upon the City's power to grant conditional use permits; among those restrictions is the provision, one the City voluntarily chose to impose upon itself, limiting the type of commercial recreational uses permissible in B-2 districts.

We have applied the doctrine of noscitur a sociis when interpreting statutes as well as ordinances:

> "[W]hen general and specific words are grouped, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words."

Martin v. Commonwealth, 224 Va. 298, 302, 295 S.E.2d 890, 892 (1982); accord Commonwealth v. United Airlines, 219 Va. 374, 389, 248 S.E.2d 124, 132-33 (1978); Cape Henry v. National Gypsum, 229 Va. 596, 603, 331 S.E.2d 476, 481 (1985). Applying this doctrine, I am of the view that there is simply no degree of similarity between bowling alleys, miniature golf, golf driving ranges, pool halls, billiard parlors, dance halls, penny arcades, and an automobile race track with a seating capacity of 7,500 which, undoubtedly, will cause noise and disruption adjacent to a residential neighborhood.