COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


ANTWAN D. PERSON
                                   MEMORANDUM OPINION* BY
v.   Record No. 1897-98-1          JUDGE ROBERT P. FRANK
                                      AUGUST 10, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  Wilford Taylor, Jr., Judge

          Carter Phillips (Weisbrod & Phillips, on
          brief), for appellant.

          Ruth M. McKeaney, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Antwan D. Person (appellant) was convicted by a jury of

breaking and entering and grand larceny.  On appeal, he argues

that the evidence was not sufficient to support the convictions.

We agree with appellant, and reverse the convictions and dismiss

the indictments.

                        I.  BACKGROUND

     According to well-settled principles of appellate review,

we consider the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On March 17, 1997, James Singleton returned to his home in Hampton and realized that his television was missing.  He immediately went to a neighbor's home and called the police.  Once the police arrived, he went into his house and discovered additional missing items, including another television, a VCR and two digital clocks.  The side garage door and the kitchen door to the house were damaged.  Singleton provided the police with a serial number for one of the televisions.

Richard Reid was employed at Epstein's Pawn Shop on March 17, 1997.  He testified that the store's standard procedure for purchasing items required the presenter of the items to show the store employee two forms of identification.  One of the forms of identification had to be a picture identification, such as a driver's license or state-issued identification.  The other identification could be any secondary form of identification, such as a Social Security card, a bank check, a vehicle registration card or a library card.  The store employee would enter the information from the identification into the store's computer, and the computer would print a purchase agreement.  The presenter of the items would then sign the print-out.

Reid performed a transaction on March 17, 1997 for a television and VCR.  He testified that he did not remember the particular transaction, but his name was on the purchase

-

agreement as the employee who conducted the transaction.  The television was marked with the same serial number as one of the televisions missing from Singleton's home.  The purchase agreement detailing the transaction listed the presenter of the items as Antwan Dwayne Person.  At trial, Reid could not identify appellant as the presenter of the television and VCR.  Reid testified that he could not remember if he followed store procedures in conducting the transaction, but he stated that he assumed he followed the procedures because the purchase agreement reflected information that only would have been obtained from the presenter's identification.  The purchase agreement listed information such as height, weight, eye color, hair color and Social Security number.  Reid stated that he would not have had such information unless it was obtained from an identification.  On cross-examination, Reid stated that any one with the correct forms of identification could pawn an item at Epstein's.

Detective Rodney Cason of the Hampton Police Department was assigned to the Singleton investigation.  He utilized a computer database in which all of the items pawned in the City of Hampton are listed.  Detective Cason located Singleton's television and VCR in the database by using the serial number for the television that was provided by Singleton.  The database indicated that a television with a matching serial number and a VCR were pawned at the same time at Epstein's Pawn Shop.

-

Detective Cason went to Epstein's Pawn Shop and verified the serial number on the television. The police then used the pawn shop purchase agreement to obtain a signature page from the Department of Motor Vehicles showing the photograph and signature of Antwan D. Person. The signature page and the signature on the purchase agreement were submitted to the jury for comparison.

Person was convicted by a jury of breaking and entering and grand larceny on July 6, 1998.

## II.  ANALYSIS

Appellant challenges his convictions on the sufficiency of the evidence to prove identification. For the following reasons, we agree with appellant and reverse his convictions and dismiss the indictments.

The Supreme Court of Virginia decided two bad check cases where the evidence as to the identity of the presenter was challenged. See Kayh v. Commonwealth, 219 Va. 424, 247 S.E.2d 696 (1978); Doyle v. Commonwealth, 212 Va. 677, 187 S.E.2d 201 (1972). We find the Court's rationale in these cases compelling.

In Doyle, the defendant used three checks to purchase merchandise in the same department store on the same day. See Doyle, 212 Va. at 677, 187 S.E.2d at 202. The employees who accepted the checks could not identify the defendant as the person who wrote or presented the checks. See id. However,

-

each employee required the presenter of the checks to provide at least two documents for the purpose of establishing identity. See id. For all three sales, the presenter of the check used a District of Columbia driver's license and a Washington Gas Light Company employee identification card. See id. at 677-78, 187 S.E.2d at 202. Both forms of identification were issued to David V. Doyle, and there was a photograph on each card. See id. at 678, 187 S.E.2d at 202. The store employees testified that they would not have accepted the checks without identification or if the photograph on the identification had been different from the presenter of the check. See id.

The Supreme Court held:

> To hold this evidence sufficient to
> establish the identity of the defendant as
> the person who presented the checks would
> require us to base an inference upon an
> inference. It would first require us to
> infer that the identification documents and
> photographs, which are not in evidence, were
> genuine and authentic. It would then
> require us to infer and assume that the
> defendant was the person who presented the
> checks since this person presented
> identification of the defendant. This we
> cannot do.

Id.

In Kayh, the defendant allegedly presented two bad checks to a Sears store. See Kayh, 219 Va. at 425, 247 S.E.2d at 697. The salesperson testified that before he accepted the checks he required identification of the presenter. See id. He copied the Virginia driver's license number from the presenter's

-

identification onto the checks and compared the picture on the identification to the presenter.  See id.  The salesperson concluded that the presenter and the person whose photograph appeared on the identification were the same person.  See id.  The salesperson, however, was unable to identify the defendant as the presenter.  See id.  Additionally, there was no evidence linking the signature on a letter allegedly signed by the defendant to the signature of the person who presented the checks or to the defendant's signature on a motion filed with the trial court.  See id. at 426, 247 S.E.2d at 697.  The Court applied the rationale from Doyle, and held:

> While the signature Kurt Kiriluk, signed by defendant to his "Motion for Fast and Speedy Trial", is strikingly similar to the signature Dyron W. Kayh, signed to the two checks involved and to the letter, and while the evidence in the case raises a strong suspicion that the defendant did negotiate the two worthless checks, the testimony is insufficient to establish this fact beyond a reasonable doubt.

Id. at 427, 247 S.E.2d at 698.

In Crawley v. Commonwealth, 29 Va. App. 372, 512 S.E.2d 169 (1999), we held that the information on police fingerprint cards was insufficient to prove identity.  Fingerprints taken from the scene of a break-in matched police fingerprint cards for

> Darnell Devan Crawley, a black male 5'8" tall, 140 pounds, and with a tattoo on his right arm, a birth date of December 15, 1968, a Social Security number of 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, and an address at the time of

-

> the break-in of 2828 Fairfield Avenue,
> Richmond, Virginia 23223.

Id. at 378, 512 S.E.2d at 172.

The only evidence that linked the defendant to the crime was that his height, gender and race matched the physical characteristics described on the police fingerprint cards. See id. We were unable to hold that the similarity between the defendant's name and his physical characteristics and those of the person whose fingerprints were found at the scene of the break-in were sufficient to establish identity. See id. at 379, 512 S.E.2d at 172-73.

In this case, the fact finder had before it the testimony of Reid stating that he could not identify appellant as the presenter of the items, but that he assumed he followed store procedure and required two forms of identification because the information on the purchase agreement was of the type that he only would have obtained from an identification. The jury also had the signature page from the Department of Motor Vehicles and the signature on the purchase agreement for comparison.

Applying the Supreme Court's rationale from Doyle and Kayh, we find the testimony of Reid insufficient to establish identity. The signature page from the Department of Motor Vehicles only proved that the same person who presented the items at Epstein's Pawn Shop obtained the identification from

-

the Department of Motor Vehicles.  There is no evidence to prove that appellant was that person.

For these reasons, we hold that the evidence was insufficient to prove that appellant was the presenter of the stolen items.  Therefore, we reverse the convictions and dismiss the indictments.

Reversed.