528

# CIRCUIT COURT OF NELSON COUNTY

Lois Bennett

v.

Nelson County
Board of Supervisors

Case No. CL06000039-00

BY JUDGE J. MICHAEL GAMBLE

May 25, 2006

I am writing this letter to rule on the demurrer of the Nelson County Board of Supervisors ("Board"). The demurrer is overruled.

The plaintiff appealed the January 10, 2006. resolution of the Board authorizing the issuance of a conditional use permit to allow property in the Rockfish Valley area of Nelson County to be used for recycling of vegetative waste. In particular, the permit allows the operation of equipment for the grinding of stumps, logs, etc. into mulch during fifteen days of the year. The appeal of the issuance of this permit is pursuant to Va. Code § 15.2-2285.

The plaintiff pleads seven causes of action. Even if any of the alleged causes of action in the complaint do not state a cause of action for appeal pursuant to Va. Code § 15.2-2285, each is supportive of the general issue of whether the legislative action of the Board is reasonable. Under Virginia case law legislative action of a board is reasonable in these circumstances if it is "fairly debatable." *Board of Supervisors v. Lerner*, 221 Va. 30, 34-35, 267 S.E.2d 100, 102 (1980). For instance, the allegations of excessive noise and particle pollution under Count IV can support the general allegations that the approval of the permit by the Board is not reasonable or fairly debatable.

I will now address briefly each cause of action. Count I alleges that the issuance of the permit was *ultra vires* because waste recycling is not a use permitted in the zoning district. This may or may not be correct. However, it could be a factual issue as to whether vegetative waste recycling ("stump grinding") is a use similar to other uses that are allowed in the zoning district. Further, the *ultra vires* issue can go directly to the general issue of whether the Board's action was reasonable.

Under count II, it is basically alleged that the Board granted a variance without following the variance procedure and without sufficient evidence that the grant of the permit avoided an unconstitutional result. If, in fact, the Board of Supervisors took action that was tantamount to granting a variance, it is evidence that goes to the reasonableness of the Board's actions. Further, this can certainly be a factual issue.

Count III alleges that the issuance of the permit constitutes spot zoning. First, the allegations in the complaint are sufficient to state a cause of action for spot zoning. Likewise, spot zoning is an appropriate issue to raise on an appeal under Va. Code § 15.2-2285. Further, it is a factual issue that goes to the reasonableness of the legislative action of the Board.

As noted above, count IV alleges that noise and pollution problems generated by the recycling machine constitute a nuisance. While this is certainly not a nuisance action, nuisance issues are relevant to the determination of the reasonableness of the Board's actions. Also, these are obviously factual matters for presentation at trial.

Count V simply contains allegations that the Board's legislative actions were not reasonable and fairly debatable. This is a core issue that is properly raised on the appeal pursuant to Va. Code § 15.2-2285. The allegations in the complaint adequately state this cause of action.

Count VI alleges that the vegetative waste recycling is a more intensive use that is *ultra vires*, arbitrary, capricious, and an abuse of discretion. This is simply another manner of alleging that the legislative action of the Board was unreasonable and not fairly debatable.

The same can be said about count VII. Predictability of a zoning ordinance goes to the issue of reasonableness. It is an appropriate issue to raise under the general question of legislative reasonableness and fairly debatable legislative action.

April 9, 2007

I am writing to rule on the motion for summary judgment filed by the plaintiff. The motion for summary judgment is overruled.

In her motion, plaintiff argues that summary judgment should be granted under Count I of her complaint. The essence of plaintiff's argument is that the grant of the conditional use permit for vegetative waste recycling is *ultra vires* because it is not a use authorized in an A-1 Zoning District.

The plaintiff is correct that an A-1 Zoning District does not specifically permit a vegetative waste recycling business by right, by conditional use permit, or by special use permit. The plaintiff is also correct that the Nelson County Zoning Ordinance is an "inclusive" zoning ordinance that permits uses specifically named. See *Wiley v. Hanover County*, 209 Va. 153, 155-56, 163 S.E.2d 160 (1968).

Notwithstanding the inclusive provisions of the Nelson County Zoning Ordinance, if a zoning district anticipates uses in addition to those specifically listed, even if the ordinance is an inclusive ordinance, conditional uses not enumerated in the ordinance may be legislated by the governing body. *Richardson v. City of Suffolk*, 252 Va. 336, 338-39, 477 S.E.2d 512 (1996). The "*Statement of Intent*" in the Nelson County A-1 District states that it is "designed to accommodate farming, forestry, and limited residential use." Uses allowed include agriculture and forestry operations. Conditional uses include sawmills. Special permit uses include temporary sawmills. Thus, it is at least arguable that uses subject to a conditional use permit in an A-1 District can include a vegetative waste recycling business. Accordingly, the motion for summary judgment is overruled.

This ruling does not preclude additional evidence or argument at trial on this issue. Under *Richardson v. City of Suffolk, supra,* the issue of whether the zoning ordinance anticipates a use such as vegetative waste recycling may be an evidentiary issue.