474 
 

# CIRCUIT COURT OF NELSON COUNTY

Lois Bennett

v.

Nelson County
Board of Supervisors

Case No. CL06000039

BY JUDGE J. MICHAEL GAMBLE

August 16, 2007

It appears that all of the post-trial briefs have been filed. Mr. Chabot has indicated that he would like to have oral argument. Accordingly, I am writing to request that counsel coordinate schedules and set a date for oral argument. I think we should set aside two hours for the oral argument.

If counsel decide not to have oral argument, then I will decide the case on the briefs.

October 16, 2007

I am writing this letter to rule in the above case. I rule in favor of the plaintiff. This ruling is on two grounds. First, I find that a vegetative rubbish recycling facility is not a use for which a conditional use permit can be granted in an A-1 Zoning District. Next, I hold that approval of a conditional use permit for a vegetative rubbish recycling facility by the Nelson County Board of Supervisors ("Board") is neither reasonable nor fairly debatable.

The record in this case is extensive. Nonetheless, I will highlight a few of the facts on the record.

On January 10, 2006, the Board approved the conditional use permit for A. G. Small and Jason Harvey, allowing the operation of a vegetative rubbish recycling facility. The primary reason for this permit is to allow the grinding of stumps by a stump-grinding machine. The stumps and other vegetative rubbish are received from off-site properties and is stored temporarily until it is ground into mulch, compost, and firewood. Thereafter, the ground material is temporarily stored until it is removed.

The conditional use permit is initially for a period of three years, with the possibility of renewal. The grinder can be operated no more than fifteen days per year between the hours of 8:00 a.m. and 6:00 p.m., but not on legal holidays. The permit requires the mulch to be removed from the site as soon as possible, but at a minimum of once a month. The permit only allows grinding of rubbish from Nelson County unless it is from the Wintergreen portion of Augusta County.

Stump-grinding has become an issue in Nelson County due to both environmental regulations and the lack of a stump-grinding and vegetative rubbish facility maintained by Nelson County under its solid waste ordinance.

Generally, the environmental regulations allow vegetative debris such as stumps to be burned or left on the site provided it is not covered with soil. Also, a chipper or stump-grinder may be brought to a construction site for grinding stumps and rubbish on site.

Much of the problem in this case arises from the stumps and vegetative debris generated by construction activity taking place at Wintergreen Resort ("Wintergreen") and nearby properties.

Environmental regulations now forbid the burial of stumps on-site or transporting them to another site to be burned. Further, Wintergreen no longer allows on-site burning of stumps and debris. Thus, grinding is the only option.

This situation is compounded by the fact that Nelson County does not furnish a vegetative rubbish and stump-grinding facility for its solid waste. Thus, a building contractor must grind the stumps on-site, burn the stumps on-site, or transport the stumps to an off-site facility for grinding. Because burning is not allowed at Wintergreen, grinding on-site or off-site are really the only options. As a result of this situation, Small and Harvey sought a conditional use permit to allow the grinding of stumps on the real estate owned by Small that is adjacent to Wintergreen and other properties.

The real estate for which the conditional use permit has been issued is 14.82 acres. It is zoned as an Agricultural District (A-1). It is surrounded, however, by Residential Districts (R-1), Residential Planning Community

Districts (RPC), and Business Districts (B-1). Under the evidence in this case, it is clear that the A-1 zoned property of A. G. Small is situated in an area that is quickly becoming residential and mixed residential and business.

Under the evidence, there is no doubt that the stump-grinding and vegetative rubbish recycling operation of Small and Harvey serves an unmet need in Nelson County and Wintergreen. However, as the record indicates, this type of activity is plagued by noise, dust, small particulate matter, and even fire by spontaneous combustion. While this operation has not been found to be in violation of any environmental laws, there have been warnings and it has been investigated.

It is this scenario that culminated in a contentious hearing before the Board on whether to issue the conditional use permit. It has further posed a difficult decision for this court. On the one hand, there is a need for this type of operation in the county and in the particular area where it is located. Also, it is on an agriculturally zoned property. On the other hand, this property is located in the heart of a residential and business area and adjacent to a major resort development.

The comprehensive plan for Nelson County identified the area where this conditional use permit is granted as a Neighborhood Mixed Use Development Model. This model emphasizes a "walkable community with appropriate land uses including single family, multi-family residential uses, and a variety of commercial establishments such as business offices and professional offices."

Fred M. Bogar, the Planning Director of Nelson County, issued a written report to the Nelson County of Board Supervisors for their consideration in conjunction with the application for the conditional use permit. In his report, it is noted that "[T]he proposed stump grinding operation is in conflict with the comprehensive plan." Mr. Bogar further noted "[T]hat the proposed use, of grinding the stumps, is an industrial use and is not permitted by right or by a conditional/special use permit in this district" (referring to an A-1 District). He further noted that the grinding of stumps is a recycling business and the Board has previously determined that this type of business is permitted in an industrial zoning district. Accordingly, the Planning Director could not support the request for the conditional use permit because it did not support the goals of the Comprehensive Plan and because "it will change the existing village character of Nellysford and adversely effect the use of adjoining properties."

The A-1 Zoning District under the Nelson County Zoning Ordinance does not provide for a vegetative waste recycling facility either as a permitted use, conditional use, or special use. Thus, the court must use an analysis

established by the Supreme Court of Virginia in *Richardson v. City of Suffolk*, 252 Va. 336, 477 S.E.2d 512 (1996). In *Richardson*, the City of Suffolk granted a conditional use permit for an automobile racetrack in a B-2 Business District. This action was challenged on the grounds that an automobile racetrack was not permitted as a conditional use under the B-2 Zoning of the City of Suffolk.

The Supreme Court noted that the issuance of a conditional use permit is a legislative function. This legislative function is presumed valid. If, however, it is challenged by probative evidence that it was unreasonable, the governing body is required to produce sufficient evidence of reasonableness to make the issue fairly debatable. *Richardson*, 252 Va. at 338. In *Richardson*, the Court held that the conditional use permit for an automobile racetrack was not unreasonable and was reasonably debatable. The Supreme Court found the city's issuance of the conditional use permit reasonable because the city code anticipated uses in addition to those specifically listed in a B-2 Zoning classification because of accessibility to roadways and utilities. Further, the city granted the permits subject to a number of restrictions. *Richardson*, 252 Va. at 338-39.

In the instant case, I find that the issuance of a conditional use permit in an A-1 District for vegetative waste recycling is neither reasonable nor reasonably debatable. As noted by the Planning Director, a vegetative rubbish recycling facility is an industrial use placed on property zoned agricultural and surrounded by residential and business properties. A fair reading of the Nelson County Zoning Ordinance related to an A-1 District is that it is unreasonable to include an industrial activity as a conditional use in this district. There is nothing in the Nelson County Zoning Ordinance for an A-1 District that anticipates a purely industrial use such as a recycling operation. Further, this is not fairly debatable because this industrial use is not in character with the surrounding community and its zoning.

Next, in any zoning action, the court is required to perform a certain analysis. Initially, the court must recognize that zoning actions are legislative functions. *Cole v. City of Waynesboro*, 218 Va. 827, 837, 241 S.E.2d 765 (1978). Procedurally, a person challenging a zoning action must produce probative evidence of unreasonableness. If that evidence is produced, then the governing body has the burden to show that the zoning was fairly debatable. *Richardson v. City of Suffolk*, 252 Va. 336, 338, 477 S.E.2d 512 (1996). The zoning action is fairly debatable when the evidence offered in support would leave objective and reasonable persons to reach different conclusions. *Fairfax County v. Williams*, 216 Va. 49, 58, 216 S.E.2d 33 (1975). If the zoning action is fairly debatable, the governing body's decision must be sustained.

*Fairfax County v. Southland Corp.*, 224 Va. 514, 522-23, 297 S.E.2d 718 (1982). In the case at bar, the conditional use permit for a vegetative waste recycling facility is unreasonable and not fairly debatable. First, it is not an allowed, conditional, or special use. Next, it creates noise, smoke, particulate matter, and the possibility of spontaneous combustion that is incompatible with the surrounding residential and business properties. Also, it is an industrial use located in an agricultural district that is surrounded by single-family residential properties, multi-family residential properties, businesses, and a resort. Reasonable minds cannot differ that this is inappropriate.

The plaintiff maintains that the conditional use permit constitutes unlawful spot zoning. On this issue, I do not agree. Spot zoning occurs where the purpose of the zoning ordinance is solely to serve the private interest of one or more landowners and the ordinance represents an arbitrary and capricious exercise of legislative power. *Wilhelm v. Morgan*, 208 Va. 398, 403, 157 S.E.2d 920 (1967).

The evidence in this case clearly indicates that Small and Harvey were seeking to grind stumps for a legitimate business purpose that met a need in Nelson County and in the area where the facility is located. While this activity is not specifically allowed in an agricultural zone, other very intensive activities can be allowed in this zone such as landfills, quarrying, extraction of natural resources, sawmills, and racetracks. If the purpose of a zoning action is to further the welfare of the entire county, it is not spot zoning. *Wilhelm*, 208 Va. 403-04. Accordingly, I find that this conditional zoning was to serve a private interest, but to fill a need in the county that was not met by any other entity.