COURT OF APPEALS OF VIRGINIA


Present:  Judges McClanahan, Haley and Beales
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.       Record No. 0551-09-2                     JUDGE ELIZABETH A. McCLANAHAN
                                                                                    JULY 28, 2009
JOHN ALLAN CLEMENTS


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Sam Campbell, Judge

Jennifer C. Williamson, Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellant.

(Jeffrey A. Oppleman; Zwerdling, Oppleman & Adams, on brief),
Appellee submitting on brief.  for appellee.


        John Allan Clements stands indicted for illegally possessing marijuana and cocaine with

the intent to distribute, and possessing firearms while in possession of a controlled substance.

The Commonwealth appeals the trial court's ruling granting Clements' motion to suppress

evidence seized pursuant to a search warrant executed at Clements' residence, where evidence of

those crimes was found.  In so ruling, the trial court agreed with Clements' contention that the

police officer's affidavit submitted in support of the search warrant was insufficient to establish

probable cause, in violation of the Fourth Amendment.  Without conceding the affidavit was

insufficient, the Commonwealth argues on appeal that the "good faith" exception to the

exclusionary rule established under United States v. Leon, 468 U.S. 897 (1984),[1] should apply

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In Leon, "the United States Supreme Court established a good-faith exception to the
exclusionary rule, applicable when a search is conducted pursuant to a warrant subsequently

here and that the trial court erred, as a matter of law, in rejecting its application. We agree with the Commonwealth.[2] We thus reverse the trial court's ruling and remand for further proceedings.

As we recently explained in Lane v. Commonwealth, 51 Va. App. 565, 659 S.E.2d 553 (2008), even if a search warrant was not issued upon probable cause, under the good faith exception "'evidence seized pursuant to the warrant is nevertheless admissible if the officer executing the warrant reasonably believed that the warrant was valid.'" Id. at 571, 659 S.E.2d at 556 (quoting Lanier v. Commonwealth, 10 Va. App. 541, 547, 394 S.E.2d 495, 499 (1990) (citing Leon, 468 U.S. at 918-21)). Further, "'as long as there is *some* indicia of probable cause in the underlying affidavit, we will apply the good faith exception [provided that] a reasonable police officer, after assessing the facts set forth in the affidavit, could have believed that the warrant was valid.'" Id. at 573, 659 S.E.2d at 556 (quoting Anzualda v. Commonwealth, 44 Va. App. 764, 781, 607 S.E.2d 749, 757 (2005) (*en banc*) (emphasis in original)).

---

determined to be defective for Fourth Amendment purposes." Ward v. Commonwealth, 273 Va. 211, 222, 639 S.E.2d 269, 274 (2007).

[2] Clements argues that, pursuant to Rule 5A:18, the Commonwealth waived its appeal of the "good faith" exception argument. We disagree. The Commonwealth specifically briefed this issue for the trial court in opposing Clements' suppression motion, and expressly directed the trial court to the Commonwealth's brief in support of its position on all of the issues related to the motion. The trial court thus had ample opportunity to consider this issue when ruling on the motion. See Ludwig v. Commonwealth, 52 Va. App. 1, 10, 660 S.E.2d 679, 683 (2008) (explaining that the "main purpose" of Rule 5A:18 is to "'alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials'" (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*))); Parker v. Commonwealth, 14 Va. App. 592, 595, 421 S.E.2d 450, 452 (1992) ("An error is sufficiently preserved for consideration on appeal if a party[,] 'at the time . . . the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take . . . .'" (quoting Code § 8.01-384)). And, the trial court necessarily rejected the Commonwealth's argument for application of the good faith exception under Leon when the court granted Clements' suppression motion.

- 2 -

In <u>Lane</u>, illegal drugs were seized from Lane's residence pursuant to a search warrant. The affidavit offered in support of the search warrant contained information from a confidential informant. <u>Id.</u> at 568-69, 659 S.E.2d at 554-55. In Lane's appeal of the trial court's denial of his motion to suppress, the Commonwealth, as here, did not concede the lack of probable cause to issue the warrant, but argued this Court did not need to address probable cause because the information in the affidavit was sufficient to establish application of the good faith exception to the exclusionary rule.[3] <u>Id.</u> at 571, 659 S.E.2d at 555. We thus assumed, without deciding, that the warrant was not issued upon probable cause, and then held that the affidavit met the above-stated objective test for application of the good faith exception. <u>Id.</u> at 571-75, 659 S.E.2d at 556-57. We reached that decision based on averments in the affidavit "that the informant [had] provided past information that [had] proven to be correct, that the informant was personally on the property that was the subject of the warrant within 72 hours, and that the informant personally observed narcotics at that property and on appellant's person." <u>Id.</u> at 575, 659 S.E.2d at 557. In setting forth such facts, we concluded, "the affidavit was not 'so lacking in indicia of probable cause' as to render official belief in its existence unreasonable." <u>Id.</u> See also <u>Tart v. Commonwealth</u>, 17 Va. App. 384, 389-90, 437 S.E.2d 219, 222-23 (1993) (Assuming, *arguendo*, that the search warrant in dispute was not issued upon probable cause, this Court held that the good faith exception under <u>Leon</u> applied because the supporting affidavit was sufficient to establish "[a]n objectively reasonable belief [by a police officer] that probable cause existed.").

---

[3] As in <u>Lane</u>, the Commonwealth in this case does not present on appeal the question of whether the affidavit established probable cause, but rather presents only the question of whether the affidavit supports application of the good faith exception to the exclusionary rule.

Lane dictates the same conclusion in the instant case. Here, the affidavit offered in support of the search warrant[4] indicated that the affiant was Detective W.T. Newsome, a Prince George County police officer. In the affidavit, the detective averred, *inter alia*, that within the past forty-eight hours he had received information from a "reliable" confidential informant that Clements was in possession of marijuana at Clements' residence, located at 8206 Powell Lane, Disputanta, Virginia, that the confidential informant was familiar with marijuana and how it was packaged, that the informant was a concerned citizen and registered voter of Prince George County, and that the informant had provided information to the detective that had been "proven correct through a law enforcement investigation." These facts, like those in Lane, presented sufficient indicia of probable cause for a reasonable police officer, upon assessing the affidavit, to have believed that the warrant to search Clements' residence was valid.

Thus, as in Lane, while assuming, without deciding, that the affidavit at issue in this case was insufficient to establish probable cause, we conclude that it was sufficient to establish the requisite basis for applying the good faith exception to the exclusionary rule. The trial court therefore erred, as a matter of law, in rejecting the Commonwealth's argument in favor of applying the good faith exception. See Williams v. Commonwealth, 49 Va. App. 439, 454, 642 S.E.2d 295, 302 (2007) (*en banc*) (We "decide *de novo* the 'ultimate question' of whether or not the officers violated the Fourth Amendment.").

For these reasons, we reverse the trial court's decision to grant Clements' suppression motion, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[4] The only evidence presented at the hearing on Clements' suppression motion was the search warrant and the supporting affidavit.